## MEYER ET AL. *v.* KENMORE GRANVILLE HOTEL CO. ET AL.

Nos. 375 and 376. Argued January 16, 1936.—Decided February 3, 1936.

*Mr. Meyer Abrams,* with whom *Mr. Max Shulman* was on the brief, for petitioners.

*Mr. Isaac E. Ferguson,* with whom *Mr. Arthur M. Cox* was on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

Certiorari was granted in these cases as companion cases to *St. Louis Can Co.* v. *General American Life Insurance Co.,* 77 F. (2d) 598 (C. C. A. 8th), in which certiorari was granted on the same day, to resolve questions as to the mode of appeal from certain orders entered by a district court in the course of a reorganization proceeding under § 77 B of the Bankruptcy Act, 48 Stat. 912, 11 U. S. C. 207. The writ in *St. Louis Can Co.* v. *General American Life Insurance Co.* was later dismissed by this Court on stipulation of the parties, 296 U. S. 660.

On February 4, 1935, an involuntary petition was filed in the district court for northern Illinois for reorganization of a corporate debtor. The debtor filed an answer admitting the essential allegations of the petition, and the district court found that the petition was filed in good faith, and ordered that it stand approved, and that creditors be restrained from asserting claims against the property of the debtor. After this order was entered the petitioner here filed a petition in the reorganization proceeding setting up that she owned some of the mortgage bonds to which the property of the debtor was subject; that subsequent to the petition for reorganization, but before it was approved, she had brought suit in the state courts against the debtor and others for an accounting, charging fraud in the issue and sale of the bonds and a fraudulent scheme to bring about a reorganization of the debtor to the detriment of the bondholders and to the advantage of the defendants in the suit. She prayed that the petition for reorganization be

dismissed for want of good faith and of jurisdiction in the district court, and that the injunction be dissolved. The district court entered an order March 20, 1935, denying the petition. From this order it allowed an appeal to the Court of Appeals for the Seventh Circuit, which dismissed the appeal without opinion. The correctness of this ruling is presented in No. 375.

Meanwhile, the district court proceeded with hearings, in which petitioner took no part, on a proposed plan of reorganization. The plan, after certain modifications, was ultimately approved by 94% of the bondholders of one class and 95% of another, and, with further changes directed by the court, was confirmed by order entered May 20, 1935. The Court of Appeals dismissed without opinion petitioner's appeal from this order, allowed by the district court. And it denied petitioner's application for leave to appeal from the same order, on the ground that petitioner, who alone sought leave to appeal, had not objected to the plan in the bankruptcy court, and so was not in a position to challenge the plan on her own behalf or on that of bondholders who had objected. The correctness of these rulings of the Court of Appeals is presented in No. 376.

The question in No. 375 is whether the order of the district court denying the application to dismiss the proceeding brought under § 77 B and to dissolve the injunction generally restraining creditors, is, for purposes of appeal, the equivalent of "a judgment adjudging or refusing to adjudge the defendant a bankrupt," which by § 25 (a) of the Bankruptcy Act, 44 Stat. 665, 11 U. S. C. 48 (a), is appealable as of right to the court of appeals.

When § 77 B introduced into the Bankruptcy Act the proceeding for reorganization of a corporation, it was provided that the procedure to be followed in case reorganization were ordered should, so far as practicable, fol-

low that already established by the Bankruptcy Act for liquidation proceedings. Section 77 B (k)[1] directs that the other sections of the Bankruptcy Act shall apply to proceedings under § 77 B, unless inconsistent with it, and that ". . . the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequence and effect as an order of adjudication."

The appeal provisions of §§ 24 and 25[2] of the Bankruptcy Act are thus made applicable to orders entered in the course of a reorganization proceeding, and an order approving or disapproving a petition for reorganization is made the equivalent, at least for purposes of an appeal under § 25 (a), of a judgment adjudging or refusing to

---

[1] Section 77 B, sub-section (k):

". . . All other provisions of this title, except such as are inconsistent with the provisions of this section, shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors'; 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this section; the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequence and effect as an order of adjudication."

[2] Section 24:

"(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the Court of Appeals of the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, . . . are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several courts of appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in

adjudge the defendant a bankrupt. By § 24 (a) and (b) appeals in "proceedings" in bankruptcy, as distinguished from appeals in "controversies arising in bankruptcy," may be taken only on leave granted in the discretion of the appellate court, except that in the cases enumerated in § 25 (a), including, in clause (1), "a judgment adjudging or refusing to adjudge the defendant a bankrupt," an appeal may be taken as of right.

The petitioner appealed not from the order approving the reorganization, but from that denying her application to dismiss the reorganization proceedings. It is not contended that this order is one in a controversy arising in bankruptcy, appealable as of right under § 24 (a). See *Taylor* v. *Voss,* 271 U. S. 176, 181; *Harrison* v. *Chamberlin,* 271 U. S. 191; *Hewit* v. *Berlin Machine Works,* 194 U. S. 296, 299, 300. It is urged that it is the equivalent of an order approving a petition in a reorganization proceeding, which § 77 B (k) assimilates to an order of adjudication, appealable as of right. But an order refusing to set aside an adjudication of bankruptcy is not within § 25 (a) clause (1). This Court has held that an appeal can be taken from such an order only on leave of the appellate court, under § 24 (b). *Vallely* v. *Northern F. & M. Insurance Co.,* 254 U. S. 348. The present appeal from the order refusing to dismiss the reorganization

the form and manner of an appeal, except in the cases mentioned in said section 25 of this title to be allowed in the discretion of the appellate court."

Section 25 (a):

"Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States and the Court of Appeals of the District of Columbia and to the supreme courts of the Territories in the following cases, to wit: (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over. . . ."

proceedings does not stand on any different footing, and was rightly dismissed because taken without leave of the appellate court. *Humphrey* v. *Bankers Mortgage Co.*, 79 F. (2d) 345; *Vitagraph, Inc.* v. *St. Louis Properties Corp.*, 77 F. (2d) 590; *St. Louis Can Co.* v. *General American Life Insurance Co.*, *supra; Credit Alliance Corp.* v. *Atlantic, Pacific & Gulf Refining Co.*, 77 F. (2d) 595; and see *Wilkerson* v. *Cooch*, 78 F. (2d) 311.

That part of petitioner's application to the district court which asked that the injunction restraining creditors be set aside does not present a "controversy arising in bankruptcy" as distinguished from a "proceeding" in bankruptcy. The relief from the restraining order which petitioner sought was but incidental to her assault on the order approving the petition, and raised no issue capable of litigation independently of the proceeding in the bankruptcy court. It related only to the due administration of the pending proceeding and so was a "proceeding" in bankruptcy, in which the allowance of an appeal is discretionary. See *Taylor* v. *Voss, supra; Harrison* v. *Chamberlin, supra.*

In No. 376 petitioner contends that the order of the district court approving the plan of reorganization corresponds to an order confirming or rejecting a composition with creditors, and that the latter, as was held in *United States ex rel. Adler* v. *Hammond*, 104 Fed. 862, is appealable as of right under § 25 as equivalent to an order "granting or denying a discharge." But we think it plain that an order confirming a plan of reorganization under § 77 B is not the equivalent of a judgment granting or denying a discharge, for, unlike confirmation of a composition, see § 14, 30 Stat. 550, 11 U. S. C., § 32 (c), it does not operate as a discharge. The release of the debtor in a reorganization proceeding is contingent upon the performance of its part of the reorganization plan. Section 77 B (h) commands the debtor and others to execute

.the plan of reorganization, when confirmed, under the direction of the court, authorizes the court to make appropriate orders to that end, and provides that "upon the termination of the proceedings a final decree shall be entered," which "shall discharge the debtor from its debts and liabilities." Discharge is effected not by confirmation of the plan but by the final decree.

Confirmation of a plan of reorganization is but a step in the administration of the debtor's estate, and, for reasons already stated, is an order in a proceeding in bankruptcy rather than a controversy arising in bankruptcy proceedings, and appeal lies only in the discretion of the appellate court. See *Campbell* v. *Alleghany Corporation,* 75 F. (2d) 947, 955.

■ In the exercise of the discretion conferred upon it by § 24 (b) the court below denied the application for leave to appeal from the order of the district court confirming the plan of reorganization. Petitioner, who alone asked leave to appeal, made no objection to the plan. Her criticisms of the plan are not of a character to invite the exercise of the discretion of the court to examine them for the first time on appeal.

*Affirmed.*

MR. JUSTICE VAN DEVANTER took no part in the consideration or decision of these cases.