## In re WABASH–HARRISON BLDG. CORPORATION.

### No. 5805.

#### Circuit Court of Appeals, Seventh Circuit.

#### April 1, 1936.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

PER CURIAM.

This is a petition for permission to appeal under section 24b of the Bankruptcy Act (11 U.S.C.A. § 47 (b), and is directed to the discretion of the court. It is an appeal from an order of Judge Barnes dated February 8, 1936. There are eight assignments of error.

The first is based on the court's alleged error in denying appellant's motion to direct the committee to file a list of all the bondholders. The order appealed from does not contain any such ruling.

The second assignment is based on the court's alleged error in recognizing the committee as the legal holder and owner of the bonds and in accepting the plan on behalf of the actual legal holders and owners. This action is purely discretionary on the part of the District Court and it should not be disturbed in this case. There is no abuse of discretion shown and the committee represents 83 per cent. of the outstanding bonds.

The third assignment is based on the court's alleged error in overruling appellant's objections to the classification of the claims and to the plan. The classification seems to us to be the only proper one that could have been made, and we see no merit whatever in this contention. There is nothing in appellant's petition from which we can say that the court in any way abused its discretion in overruling these objections.

The assignments 4, 5, and 6 were raised by Mr. Abrams in the case, In re Kenmore-Granville Hotel Co. (C.C.A.) 77 F. (2d) 1004, which was affirmed by the Supreme Court. Meyer v. Kenmore-Granville Hotel Co., 297 U. S. 160, 56 S. Ct. 405, 80 L.Ed. 557.

Assignments 7 and 8 are based upon a decision of the Appellate Court of Illinois, which, so far as we can see, has nothing whatever to do with this case. It relates to alleged fraudulent transactions of Straus & Co., which petitioner's attorney has frequently attempted to inject into various bankruptcy proceedings. From the record before us we understand that the bondholders' committee is not in any way identified with the firm of Straus & Co., nor with any of the parties to the prior transactions who are charged with fraud by Mr. Abrams.

This plan of reorganization has been approved by the court with the consent of 83 per cent. of the first mortgage bondholders; all of the second mortgage and third mortgage bondholders; and by substantially 85 per cent. of the preferred stockholders; and all of the common stockholders.

Permission to appeal is denied.