**HEY v. WARD et al.**

**No. 10619.**

Circuit Court of Appeals, Eighth Circuit.

June 9, 1936.

Rexford V. Wheeler, of Marion, Ark., for appellant.

Before WOODROUGH and THOMAS, Circuit Judges, and DEWEY, District Judge.

PER CURIAM.

This appeal is to reverse an order entered in proceedings under section 75 of the Bankruptcy Act as amended (11 U.S. C.A. § 203), relating to agricultural compositions and extensions. The District Court had taken jurisdiction upon the petition of the administrator in succession of the estate of the deceased farmer, P. H. Ward, and had appointed a receiver for mortgaged land which belonged to the farmer at the time of his death. The administrator thereafter moved for dismissal on the grounds, among others, that no claims had been filed or allowed against the estate of the decedent and that the real estate had never come into the possession or under the control of the administrator. The District Court refused to dismiss the proceedings, and allowed this appeal to reverse the order. No application was made to this court for the allowance of an appeal, and no appeal has been allowed by this court.

These proceedings under section 75 of the Bankruptcy Act are so far analogous to those considered by the Supreme Court in Meyer et al. v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557,

that the rule concerning appeals there announced is controlling. The court there held that an "order denying application to dismiss corporate reorganization proceedings is not appealable as of right, but only with leave of appellate court." See cases cited in Meyer et al. v. Kenmore Granville Hotel Co., supra, and Wilkerson v. Cooch (C.C.A.) 78 F.(2d) 311; In re Western States Building-Loan Association (C.C.A. 9) 51 F.(2d) 347; Humphrey v. Bankers Mortg. Co. of Topeka (C.C.A.10) 79 F.(2d) 345; Raentsch v. American Co. (C.C.A.) 82 F.(2d) 770.

Appeal dismissed.