J. S. FARLEE & Co., Inc., v. SPRING-
FIELD-SOUTH MAIN REALTY
CO.

No. 3162.

Circuit Court of Appeals, First Circuit.
Dec. 10, 1936.

Robert R. Thurber, of Boston, Mass.
(Herrick, Smith, Donald & Farley, of
Boston, Mass., on the brief), for appel-
lant.

932

David Stoneman, of Boston, Mass. (Emmanuel Kurland, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal by J. S. Farlee & Co., Inc., under section 24b, as amended, 77B(k) of the Bankruptcy Act, 11 U.S.C.A. §§ 47(b), 207(k) (Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S. Ct. 405, 80 L.Ed. 557), from two orders of May 26, 1936, of the federal District Court for Massachusetts in a reorganization proceeding under section 77B, instituted by Springfield-South Main Realty Company, debtor, appellee. In the first order the court confirmed the report of a special master as to the fairness and feasibility of the amended plan of reorganization and objections thereto; and in the second order confirmed the amended plan of reorganization and authorized its execution.

The debtor is a corporation organized under the laws of Massachusetts on March 27, 1929. On April 10, 1929, it acquired title to certain real estate of the Potter Realty Trust, and, at the same time, agreed to assume the obligation of certain bonds issued by the Potter Trust and secured by a first mortgage on the real estate. The principal amount of coupon bonds of the Potter Realty Trust then outstanding amounted to $219,000 and bore interest at the rate of 7 per cent. per annum, payable on April 1 and October 1 of each year. The coupons on the bonds representing the interest due October 1, 1927, April 1, 1928, October 1, 1928, and April 1, 1929, had not been paid by the Potter Trust Company; and the coupons becoming due October 1, 1929, were not paid by the debtor. But coupons in the aggregate amount of $38,325, representing the interest thus due, were paid by C. D. Parker & Co., Inc., on the latter date. The debtor paid the coupons representing the interest on the bonds later falling due April 1, 1930, and October 1, 1930, but on April 1, 1931, the bondholders were invited to deposit their bonds with a committee. All the bondholders, with the exception of $12,300 in principal amount, deposited their bonds and received from C. D. Parker & Co., Inc., on account of the April 1, 1931, coupons, as interest, the sum of $25 per thousand dollar bond. Since then no interest has been

paid on any of the bonds and the sinking fund provisions of the mortgage securing the bonds have not been maintained since October 1, 1927.

The real estate in question is located in Springfield, Mass. It consists of a five-story building used for manufacturing purposes and certain land adjoining the same which is unoccupied except in part by a filling station. The debtor's chief source of revenue is the rent received therefrom.

The capital stock of the debtor corporation consists of one thousand shares, no par value. It is now owned by Thomas H. Mahoney, receiver of C. D. Parker & Co., Inc., appointed by the Massachusetts state court. He also owns the coupons aggregating $38,325 that were paid by C. D. Parker & Co., Inc.

The debtor's petition for reorganization under section 77B, as amended, 11 U.S.C.A. § 207, was filed in the District Court on September 11, 1935. It was approved on the same day. December 17, 1935, an amended plan of reorganization was filed, to which, on January 3, 1936, the appellant filed objections, and, on January 6, 1936, an order was entered by the District Court referring the plan to a special master to consider and report as to the fairness and feasibility of the plan and the objections thereto.

The amended plan, among other things, provides that the interest of the owners of the stock of the debtor shall remain unchanged; that the expenses of administration, including the claims of creditors incurred in the operation and preservation of the estate, and debts other than bonds and the claim of C. D. Parker & Co., Inc., for $38,325 be paid in cash in full; that the bondholders surrender their 7 per cent. bonds, releasing their claims for unpaid interest, and receive therefor bonds of equal principal amount ($219,000) bearing 5 per cent. interest, payable from the net income of the debtor in any particular year, which interest shall be cumulative before any distribution on junior interests or common stock; and that, after the 5 per cent. on the new bonded indebtedness in any particular year and any accumulation from any prior year shall have been paid or set aside, one-half of the balance of any net income earned in that year shall be paid as a sinking fund to the trustee of the mortgage and the other half devoted to the general pur-

poses of the debtor. The plan also contains a provision wherein holders of the old bonds, to the aggregate principal amount of $12,300, who had not received payment of $25 on each $1,000 of the principal amount, on account of interest due April 1, 1931, should receive such payment in cash in full; that C. D. Parker & Co., Inc., receive on its claim for interest paid by it for 1927, 1928 and 1929, a new bond or bonds in the principal amount of $38,325, releasing its claim for interest on the coupons held by it; and that the old mortgage be discharged and a new mortgage executed to secure the new issue of 5 per cent. bonds aggregating in principal amount $257,325.

Bondholders representing 78 per cent. of the principal amount of outstanding bonds and 82 per cent. of the number of holders accepted the amended plan; and the receiver of C. D. Parker & Co., Inc., the holder of $38,325 of coupons and of all the capital stock of the debtor, likewise accepted it. The only creditor objecting to the plan is the appellant. It is the holder of $8,000, or about 3⅔ per cent. of the principal amount of the outstanding bonds, $7,500 of which it purchased at 9½ cents on the dollar, shortly before the filing of the petition for reorganization, and the $500 balance of bonds at 5 cents on a dollar shortly thereafter.

While the books of the debtor disclose that as of May 31, 1935, it had assets in excess of $350,000, the master found that the present worth of its real estate was less than the principal amount of the mortgage bonds outstanding and that the debtor was in fact insolvent. He further found that the amended plan proposed by the debtor was "fair and equitable" and did not "discriminate unfairly in favor of any class of creditors or stockholders, and is feasible," and recommended that it be confirmed. The master's report was filed May 8, 1936. It was assigned for hearing on May 25, on which date the appellant filed exceptions to the report and, after hearing, the court reserved its decision. May 26, 1936, the appellant filed a petition for leave to intervene generally, and to intervene specially in order that it might obtain a copy of the list of bondholders, which petition was denied on the same day. And on the same day the two orders here appealed from were entered—one confirming the special master's report as to the fairness and feasibility of the amend-ed plan, and the other confirming the amended plan.

From these orders Farlee & Co., Inc., on July 1, 1936, was granted leave to appeal by this court.

Among the errors assigned the appellant relies on the following:

(1) That the court erred in confirming the report of the special master and in holding that the amended plan of reorganization of the debtor is fair and equitable and does not discriminate unfairly in favor of any class of creditors or stockholders for the following reasons:

(a) Although the special master found the debtor is insolvent with assets insufficient to cover the principal amount of first mortgage bonds outstanding, the plan leaves intact the stock interest of C. D. Parker & Co., Inc., the sole stockholder, while giving to bondholders, in lieu of their present 7 per cent. bonds, simply 5 per cent. cumulative net income bonds.

(b) The plan treats the $38,325 unsecured claim of C. D. Parker & Co., Inc., the only large unsecured creditor, on a parity with the principal amount of the 7 per cent. first mortgage bonds, but makes no provision for the unpaid bond interest which under the terms of the mortgage indenture is a secured claim.

(2) That the court erred in failing to order that the hearing as to the confirmation of the amended plan of reorganization and the order confirming it should be postponed or continued until J. S. Farlee & Co., Inc., should have an opportunity of informing the other bondholders of the way such a plan affected their interests so that said bondholders might have an opportunity to withdraw their assent or otherwise express their objections thereto.

(3) That the court erred in confirming the amended plan of reorganization prior to a hearing on the allowance of the claims of creditors whose interests would be affected by it.

At the hearing of the case before this court counsel for the appellee filed a motion for a writ of certiorari, asserting that the transcript of record was incomplete and asking that it be amended to conform to the record in the court below. This motion was granted and the transcript of record has been amended by adding the following:

"On May 24, 1936, a hearing was had before the United States District Court for

the District of Massachusetts (McLellan, J.) upon the Master's Report as to the fairness and feasibility of the Debtor's amended Plan of Reorganization and the objections thereto, and upon the matter of the confirmation of said Plan; at said hearing the District Court inquired of counsel for J. S. Farlee & Co., Inc., the objecting creditor, when it acquired the bonds held by it and the price paid for the same. Counsel for said objecting creditor and Jesse Watson, New York counsel and secretary of said Company, informed the Court that they did not know when said bonds were purchased or the price paid therefor. The Court thereupon requested that said counsel for said objecting creditor and said Watson obtain said information. Later, on the same day, counsel for said objecting creditor reported to the Court that the bonds held by J. S. Farlee & Co., Inc., had been purchased by it as follows: $7,500 on July 23, 1935 at 9½, $500 on Nov. 21, 1935, at 5."

Since the hearing in this court C. D. Parker & Co., Inc., with the permission of the District Judge before whom the reorganization proceeding was heard, has filed a waiver through its receiver, Thomas H. Mahony, which has been certified to this court and reads as follows:

"Respectfully represents Thomas H. Mahony of Newton, County of Middlesex and says that on April 12, 1935 he was duly appointed receiver of C. D. Parker & Co., Inc., a Massachusetts corporation, by the Superior Court for Suffolk County, Commonwealth of Massachusetts and he has duly qualified by giving of a bond as such receiver; that there had been filed by the Debtor in these proceedings an Amended Plan of Reorganization which has been accepted by creditors representing more than two-thirds in amount of all outstanding claims against the Debtor; that he holds as receiver coupons on all the outstanding bonds of the Debtor representing interest which was due on said bonds on October 1, 1927, April 1, 1928, October 1, 1928, April 1, 1929, and October 1, 1929, totaling $38,325.00, said coupons having been purchased by C. D. Parker & Co., Inc. on or after their respective maturity dates; that by the terms of the Debtor's Amended Plan of Reorganization filed herein it was proposed that C. D. Parker & Co., Inc. receive new bonds of the Debtor described in said Amended Plan in the aggregate amount of $38,325.00 upon the surrender of the coupons held

by it and the waiver of any claim against the Debtor for interest on said coupons; that he, as receiver, accepted said Amended Plan of Reorganization; that he is now willing to and does hereby waive the provisions in said Plan which would entitle him to the receipt of new bonds of the Debtor in the amount of $38,325.00 and consents that his claim against the Debtor by reason of the coupons held by him shall be an unsecured claim in the amount of $38,325.00, relinquishing any claim to accrued interest on said coupons.

■ Considering the assignments of error in their reverse order, we will first take up the third one, in which the appellant complains that the court erred in confirming the amended plan of reorganization prior to a hearing on the allowance of the claims of creditors whose interests would be affected by it. In regard to this it may be said that, on the 6th of January, 1936, the amended plan of reorganization was referred to a special master for consideration and report as to its fairness and feasibility and the objections thereto; that at the hearings on this reference held on January 27, April 13, and May 6, 1937, the debtor, the objecting creditor (Farlee & Co., Inc.) and the trustee under the trust mortgage were all represented by counsel who appeared before the master and were heard upon the fairness and feasibility of the plan and the objections of Farlee & Co., Inc., which objections, among other things, brought in question the validity and amount of the bonds, the validity and amount of the claim of Parker & Co., Inc., based on the coupons paid by it and whether they represented a secured or unsecured claim, and the amount of the capital stock, and the number of shares; that the master found that the outstanding bonds amounted to $219,000; that the claim of Parker & Co., Inc., based on the paid coupons, amounted to $38,325, and was unsecured; and that the capital stock consisted of 1,000 shares of no par value. Upon these matters Farlee & Co., Inc., and other parties having interest were heard and it cannot now be permitted to say that the nature and amount of these claims had not been determined prior to and at the time the District Court entered the first order confirming the master's report or the second order confirming the amended plan of reorganization. Furthermore, the District Court, in the second order confirming the amended plan, states: "That claims of

creditors have been duly established and allowed as just and valid claims against the debtor in the aggregate amount of $219,000 as the principal amount of outstanding bonds of Potter Realty Trust, assumed by the debtor, and $102,142.50 representing unpaid coupons of said bonds, together with interest on said coupons." The latter sum included the coupons held by Parker & Co., Inc., which amounted to $38,325. Under these circumstances, it cannot well be contended that the amended plan of reorganization was confirmed prior to a hearing on or prior to the allowance of the claims of creditors whose interests would be affected by the plan, for these claims represented all the interest affected, the plan itself providing for the payment in full in cash of any other debts. The appellant takes nothing by this assignment.

Assignment No. 2 here relied on to the effect that the hearing as to confirmation of the amended plan and the order confirming it should have been postponed or continued until J. S. Farlee & Co., Inc., should have had an opportunity to inform the other bondholders of the way in which said plan affected their interests so that said bondholders might have an opportunity to withdraw their assents to said plan and otherwise express objections thereto, is without basis. There is nothing in the record showing that a motion asking for postponement of the hearing was presented to the court or denied, and, in the absence of such request, we fail to see wherein the appellant can in this respect now complain. In fact it does not now so complain, for, in its brief, it seeks to substitute for this assignment of error another one stating:

"The court erred in confirming the amended plan of reorganization without first permitting the appellant *to intervene* in the reorganization proceedings for the purpose *of securing a list of the bondholders.*" (Italics supplied.)

A new and different assignment cannot now be substituted for the one filed, for, to do so, would be to introduce a distinct and different question. Furthermore, the objecting creditor, had it desired to obtain a list of the bondholders and creditors, which it seems to think it has been deprived of having, could have procured the same without being allowed to intervene by applying for an order of the court, under section 77B(c) (4), 11 U.S.C.A. §

207(c) (4), if one had not already been entered, requiring the debtor to prepare such list and to have it "open to the inspection of any creditor or stockholder of the debtor, during reasonable business hours, upon application to the debtor." But we have no such question here.

Under assignment 1, subdivision (b), the appellant, the objecting creditor, complains that the court erred in confirming the report of the special master and in holding that the amended plan of reorganization is fair and equitable and does not discriminate unfairly in favor of any class of creditors or stockholders for the reason (b) that the plan treats the $38,325 unsecured claim of C. D. Parker & Co., Inc., the only large unsecured creditor, on a parity with the holders of the 7 per cent. first mortgage bonds, and makes no provision for the unpaid bond interest as a secured claim.

It is apparent that since the withdrawal or waiver by the receiver of Parker & Co., Inc., of its $38,325 claim, as a secured one under the provisions of the amended plan, it cannot be contended that its treatment as an unsecured claim would render the amended plan unfair or inequitable as to bondholders or that it would discriminate unfairly against them and in favor of Parker & Co., Inc., or the class of unsecured creditors to which it would belong. It would seem that, since the withdrawal of the $38,325 claim as a secured one, the only party who could complain would be Parker & Co., Inc., or its receiver, for no provision is made in the amended plan for the payment or other disposition of this claim as an unsecured one. The appellant takes nothing by this assignment of error.

Under assignment 1 (a), the appellant complains that the amended plan is unfair, inequitable, and discriminates unfairly in favor of the owner of the stock of the debtor corporation, as it leaves the stock interest intact and gives the bondholders 5 per cent. cumulative bonds in lieu of their 7 per cent. bonds. The special master found as a fact that the amended plan was fair and equitable and did not discriminate unfairly in favor of any class of creditors or stockholders and was feasible, and the District Court, by confirming the master's report, likewise so found.

The only questions open before this court on this appeal are questions of law.

The evidence is not reported. Therefore we cannot say that there was no evidence to support the finding. It does appear, however, that the debtor is a corporation; that all of its stock, which has no par value, is held by a single owner; that in this respect it stands substantially the same as it would had it issued a single share of no par value; that the stock interest is as inconsequential as it could be, if any stock interest was to be recognized in the plan; and that the failure to recognize it would, in effect, be to ignore the debtor corporation as a petitioner for reorganization.

The appellant is the only objecting bondholder; the others are not complaining. They evidently regard the plan as fair and equitable and that it does not discriminate unfairly against them because the stock is recognized. On the contrary, it would appear that they regard it as in their interest that the stock of the corporation be kept intact, for, by so doing, the corporation and stockholder would have the burden of managing the property, paying the taxes and insurance, and making the repairs, obligations which, in these days, mortgagee bondholders prefer to leave with another. We think that the recognition of the stock interest was beneficial to the bondholders rather than discriminatory or unfair.

There is nothing to show that the bondholders were unfairly discriminated against by reducing the interest on the bonds from 7 per cent. to a 5 per cent. net income cumulative rate. The facts found by the master show that neither the debtor's predecessor nor the debtor, since its organization in 1929, had been able, but for a brief period, to pay the interest on the bonds at 7 per cent. and that some reduction from the rate of interest was necessary to render the plan fair and reasonable. No bondholder contends otherwise, except Farlee & Co., Inc.

This bondholder paid 9½ cents on the dollar for $7,500 worth of its bonds and 5 cents on the dollar for the balance of $500, and made its purchases shortly before and shortly after the filing of the petition for reorganization. If the purpose actuating it in making these purchases is to be judged by its conduct since they were made, it would seem to have been to obstruct and defeat the plan of reorganization unless its wishes were met, irrespective of the wishes of all the other bondholders.

The appellant takes nothing by assignment of error 1(a).

We think that the orders here complained of, in so far as they relate to the matters considered in this opinion, should be affirmed. But since the amended plan makes no provision for the payment or disposition of the unsecured claim of $38,325, while, under the provisions of the plan, other unsecured debts are to be paid in full; and since the amended plan provides for the issue of new bonds in the sum of $257,325, while now the bonds necessary to be issued, to take care of those outstanding, amount to only $219,000, we think the orders approving the master's report and the plan cannot be affirmed as a whole and that the case must be remanded to the District Court for further proceedings with reference to these matters.

The orders of the District Court are affirmed in part and the case is remanded to that court for further proceedings in conformity with this opinion, without costs.