In re GLEN SHERIDAN REALTY TRUST.

MURNIGHAN v. GLEN SHERIDAN REALTY TRUST.

No. 6193.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1937.

Meyer Abrams and Bernhard Stenge, both of Chicago, Ill., for appellant.

Jacob B. Courshon and Reuben L. Freeman, both of Chicago, Ill., for appellee.

Donald N. Clausen, Herbert W. Hirsh, and Norman A. Miller, all of Chicago, Ill., for interveners appellees.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Appellee filed its petition in the court below for reorganization under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207). On December 24, 1936, the same was approved as properly filed and appropriate notice was given to the creditors, stockholders, and claimants. Later a plan of reorganization was proposed by appellee. The property of appellee was encumbered with the lien of a trust deed and chattel mortgage dated November 25, 1927, securing a first bond issue in the aggregate amount of $315,000. After default the debtor was voluntarily reorganized under an agreement and declaration of trust deed dated March 15, 1931, and, pursuant to the same, the mortgage bonds were exchanged for trust bonds, participating certificates, and common stock of appellee. The mortgage bonds were delivered to the Chicago Bank of Commerce, trustee under the trust bond indenture, as security for the trust bonds. On December 19, 1936, appellant was named successor trustee under the trust bond indenture by the circuit court of Cook county. Default occurred under the trust bonds which was the occasion for appellee instituting the proceedings above referred to.

The trust bond indenture provides, inter alia: "If one or more of the following events * * * shall happen, * * *; or (c) in the event that the Realty Trust shall make an assignment for the benefit of its creditors, or shall be adjudicated a bankrupt, or a receiver of the Realty Trust of the mortgaged property shall be appointed and not removed nor an appeal prosecuted from the order appointing said receiver within ninety days (90) after such appointment; then and in any such case the Bond Trustee shall notify in the matter hereinabove provided, all known holders of Trust Bonds outstanding and secured hereby, of such default and shall call for a meeting of the holders of said Trust Bonds to be held at the office of the Bond Trustee, or at such other place in the City of Chicago, Illinois, as will be designated in such notice, within ten (10) days after the date of said notice, for the purpose of voting on the questions of removing the Trustees then acting under the Agreement, and declaring the principal of all Trust bonds, not then due by their terms, to be due and payable immediately, determining the manner of procedure for the enforcement or protection of the Trust Bonds and coupons, electing successor Trustees in the manner herein provided and/or for the purpose of advising with the new Trustees so elected as to the general plan of procedure with respect to remedying then existing defaults and/or with relation to the future control, operation, management and disposition of the mortgaged property."

On January 14, 1937, appellee filed its petition for restraining order against appellant alleging that appellant had threatened and was about to mail a communication to the trust bond holders which, if he was permitted to do without the approval of the court, would impede the orderly administration of the proceeding. Answer was filed to the same, and on hearing the court suggested that appellant should prepare and submit the form of notice which he proposed to mail. Such form of notice was presented, which the court upon hearing refused to approve, and thereupon the court issued two orders, one restraining appellant from communicating with any of the holders or owners of trust bonds of the debtor without first securing the approval of the court, and the second restraining from mailing the notices which had been submitted and disapproved by the court.

The District Court on February 16, 1937, allowed an appeal. A motion was made in this court by appellant to treat the appeal allowed by the District Court as a petition for leave to appeal under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47(b), which motion was denied on March 23, 1937. In re Kenmore Granville Co. (C.C.A.) 90 F.(2d) 151. This court denied, without prejudice, a motion by appellee to dismiss the appeal.

We are immediately confronted with the jurisdictional question as to whether the appeal involves a "controversy" or a "proceeding" in bankruptcy; if the former, as that term is defined in section 24a, as amended (11 U.S.C.A. § 47(a), the District Court was authorized to allow the appeal; but if the latter, as defined by section 24b, the appeal can only be taken on leave of this court. Shulman et al. v. Wilson-Sheri-

dan Hotel Company et al., 57 S.Ct. 680, 81 L.Ed. ——, decided by the Supreme Court, April 26, 1937. Appellee contends the Supreme Court in Meyer et al. v. Kenmore Granville Hotel Company et al., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557, is decisive on the question presented, while appellant maintains the law as announced in that case is not applicable to the facts here. We agree with appellee that the rule announced in the case just cited is controlling here. Without reciting the facts of that case, it is sufficient to state in our opinion they are more favorable to the contention of appellant than are the facts in the case before us. On page 165 of 297 U.S., 56 S.Ct. 405, 407, 80 L.Ed. 557, it is said: "That part of petitioner's application to the District Court which asked that the injunction restraining creditors be set aside does not present a 'controversy arising in bankruptcy' as distinguished from a 'proceeding' in bankruptcy. The relief from the restraining order which petitioner sought was but incidental to her assault on the order approving the petition, and raised no issue capable of litigation independently of the proceeding in the bankruptcy court. It related only to the due administration of the pending proceeding and so was a 'proceeding' in bankruptcy, in which the allowance of an appeal is discretionary."

In Holmes v. Davidson (C.C.A.) 84 F. (2d) 111, where there was an appeal from a restraining order in a bankruptcy proceeding, the court on page 112 said: "The trial court allowed an appeal from this order and an application was made to this court also for the allowance of an appeal under section 24b of the Bankruptcy Act (11 U.S.C.A. § 47(b). As the matter is clearly a proceeding in bankruptcy, as distinguished from a controversy, the order of the trial court did not vest this court with jurisdiction."

To the same effect is Credit Alliance Corporation v. Atlantic, Pacific, & Gulf Refining Company et al. (C.C.A.) 77 F. (2d) 595, where the court on page 597 said: "The order enjoining the creditor, Credit Alliance Corporation, from commencing or prosecuting any further action or actions to enforce its lien until the further order of the court was also a step in the bankruptcy proceedings, a 'proceeding in bankruptcy' not assuming to adjudicate upon any adverse claim to the property or presenting a 'controversy.' Such order also was appealable only under section 24b. * * * There was no application for appeal made to this court, and this court allowed none."

We are of the opinion, however, even if we had jurisdiction, there would be no occasion to reverse the order of the District Court. It is the position of appellant, as we understand it, that the restraining order was improperly allowed because of the provision in the trust agreement above quoted, which, it is claimed, made it mandatory upon appellant to do those things which the order enjoined. Such position is inconsistent with the purpose and terms of the Reorganization Act. It was said by this court in Re Schroeder Hotel Company, 86 F.(2d) 491, on page 493: "Obviously, the court, in view of the purpose of the act and its express provisions, has the power to make effective the jurisdiction granted by Congress under the constitutional power in bankruptcy and to prohibit acts of parties before it, tending to prevent the exercise of the jurisdiction and the achievement of its purposes. If this power does not exist, the purpose of the law and the jurisdiction of the court to enforce it are defeated."

It would serve no useful purpose to discuss further the merits of this appeal in view of our conclusion that the court is without jurisdiction.

The appeal is dismissed.