## In re 8309 TALBOT PLACE CORPORATION.
### No. 36288.

District Court, E. D. New York.
Feb. 16, 1939.

Jacob A. Freedman, of Brooklyn, N. Y., for Kew Hall Apartments Elected Committee.

Hetkin, Rubin & Hetkin, of New York City, for petitioners.

Jenks & Rogers, of New York City, for trustee.

Joseph L. Weiner, Edmund Burke, Jr., and J. Anthony Panuch, all of New York City, for Securities and Exchange Commission.

MOSCOWITZ, District Judge.

This is an application made by Jacob Perner, E. John Burns, Martha Lucie, Mary Jennings, and Edward A. Kimmel to intervene herein. The petition herein was filed under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

The motion to intervene herein is opposed by the Securities and Exchange Commission as well as the Trustee of the Debtor.

It is desirable that the participation of committees in proceedings under Chapter 10 should be encouraged, however Chapter 10 permits a full opportunity to committees to participate without intervention. Section 206 of Subchapter 9 of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 606, provides: "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter. The judge may, for cause shown, permit a labor union or employees' association, representative of employees of the debtor, to be heard on the economic soundness of the plan affecting the interests of the employees."

The solicitors for the Securities and Exchange Commission have called attention to the well-considered and illuminating article written by Alfred B. Teton, Esq., entitled "Reorganization Revised". The following quoted portion thereof (pages 592-595 of the February 1939 issue of The Yale Law Journal) is particularly applicable to this motion:

"In contrast to the formal limitations on the right to be heard in Section 77B [11 U.S.C.A. § 207] proceedings, Chapter Ten permits the debtor, indenture trustee, and any creditor or stockholder to be heard on all matters. In addition, Chapter Ten, like 77B, authorizes the judge to permit interested parties, for cause shown, to intervene generally or specially. Although the existence of a significant distinction between the 'right' to be heard and the right to intervene has often been assumed, it is probable that Chapter Ten erases whatever distinction, if any, existed under Section 77B and makes the right to be heard and the right to intervene substantially indistinguishable. The essential distinction between the two rights under 77B was said to lie in the attachment of a privilege to appeal to, and only to, the right to intervene. The right to be heard was therefore considered an inadequate substitute for intervention because it did not carry similar appellate privileges. But the cases relied upon for this conclusion all seem to indicate not that the right to be heard does not carry with it a privilege of appeal, but that the privilege of appeal is denied only when the right to be heard does not exist. Section 77B (c) (11) conferred upon creditors and stockholders the right to be heard on the permanent appointment of the trustee and the proposed confirmation of the reorganization plan and, upon granting of a petition to intervene, on such other questions as the court might determine. Creditors or stockholders under 77B therefore had a right to be heard on only two questions; on the other questions, any creditor or stockholder might be heard if the court permitted. Security holders were permitted to appeal without formal intervention on those matters on which they had a right to be heard and only on other ques-

tions, where a mere opportunity to be heard existed were creditors and stockholders denied appellate privileges. The Seventh Circuit, where enough cases of this class have been considered to create a pattern, has consistently dismissed appeals where formal intervention was not granted and neither the confirmation of a plan nor the appointment of a trustee was involved, upon the ground that the creditor had no standing in court as a party to the suit. At the same time, the opinions of the Court explicitly conceded that a creditor is a party to the reorganization as to those matters on which he has a right to be heard. The Court recognized, as an appendage of that right, the privilege to appeal. In Matter of Kenmore-Granville Hotel Company, [Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557], a nonintervenor attempted to appeal from an order of the district court confirming a plan of reorganization. The Court of Appeals [7 Cir., 78 F.2d 1018] dismissed the petitioner's appeal without opinion. The Supreme Court, in its opinion, clearly indicated by reliance on Section 24b of the old Bankruptcy Act [11 U.S.C.A. § 47(b)] that the appeal was dismissed because the appellant, intervenor or not, had to proceed under Section 24b, governing appeals relating to subject matters where the appeal rests within the discretion of the court. The Court of Appeals itself admitted in a later case [7 Cir., 92 F.2d 778] that it had dismissed the Kenmore-Granville appeal in the exercise of its discretion under Section 24b and declared, as it had previously admitted, that on those matters as to which creditors have a right to be heard, they have a privilege to appeal. Thus, the right to intervene is no more potent than the right to be heard, when in fact the statute confers a right to be heard. The right to intervene is greater than a 'right' to be heard only when the right to be heard does not exist. Since Section 206 of the new Act gives the 'debtor, the indenture trustees, and any creditor or stockholder' the right to be heard on all matters, the privilege to appeal will exist as to all matters unless the courts, distressed by the possibilities of numberless appeals by creditors having trifling financial interests, abandon the structure erected by the Seventh Circuit Court of Appeals. If the privilege to appeal is permitted to follow the right to

be heard, formal intervention will be unnecessary except for those who do not have a right to be heard and except for those who want to avail themselves of prerogatives, other than appeal, which may be incident to intervention. The act of a court in suffering someone to be heard, when that someone did not have a right to be heard, does not serve as a substitute for either that right or formal intervention. If the court wishes 'to hear him as an adviser, controller, or representative,' it may do so, but this privilege does not 'give him the right to appeal as a party from the decree of the court.' "

The Court will welcome the active participation of all creditors and stockholders in this proceeding. They will be given notice of all important steps in the proceeding. Additionally, the committee, pursuant to Section 207 of the Act, 11 U.S.C. A. § 607, will be given notice of all proceedings herein.

The same provision may be put in this order as was embodied in the order of January 20, 1939, which denied a motion made by the Brooklyn Trust Company to intervene, but directed that its solicitors receive notice of all the proceedings herein. Settle order on notice.