OCCIDENTAL PETROLEUM CORPO-
RATION, Appellant,

v.

Barth P. WALKER, Trustee, Parker Pe-
troleum Company, Inc., a corporation,
Webster Drilling Company, John S.
Bottomly and C. J. Hoffman, Appellees.

In the Matter of PARKER PETROLEUM
CO., Inc., Debtor.

No. 6519.

United States Court of Appeals
Tenth Circuit.

Feb. 7, 1961.

Petitions for Rehearing and Clarification
of Opinion Denied April 11, 1961.

Robert H. Harry, Denver, Colo., for appellant. Howard W. Rea, Denver, Colo., Robert H. Harry, Robert L. Shanstrom and Edward B. Towey, Lewis, Grant & Davis, Denver, Colo., L. Karlton Mosteller, James D. Fellers and John Joseph Snider, Mosteller, Fellers, Andrews, Snider & Baggett, Oklahoma City, Okl., Charles H. Tuttle, Thornton C. Land and Stuart H. Johnson, Jr., Breed, Abbott & Morgan, New York City, on brief.

Francis S. Irvine, Oklahoma City, Okl., G. C. Spillers, Jr., Tulsa, Okl., and Delmer L. Stagner, Oklahoma City, Okl., for appellees.

E. Norton Burbage and Roger B. Henkle, Oklahoma City, Okl., on brief for appellee Barth P. Walker.

Herbert F. Hewett, Oklahoma City, Okl., on brief for appellees Bottomly and Hoffman.

G. C. Spillers and Jack R. Givens, Tulsa, Okl., on brief for appellee Webster Drilling Co.

Stagner, Alpern, Powers & Tapp, Oklahoma City, Okl., on brief for appellees.

Walter P. North, David Ferber, Washington, D. C., Paul J. Kemp, Washington, D. C., J. Kirk Windle, Chicago, Ill., and William D. Scheid, Chicago, Ill., on brief for Securities and Exchange Commission.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

This appeal brings here for review an order entered in a reorganization proceeding under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq. For convenience, reference will be made to Parker Petroleum Company, Inc., as Parker; to Barth P. Walker, trustee for Parker Petroleum Company in the reorganization proceeding, as the trustee; to Occidental Petroleum Corporation as Occidental; to Webster Drilling Company as Webster; to John S. Bottomly as Bottomly; to Robert A. Arnold as Arnold; to C. J. Hoffman as Hoffman; and to Securities and Exchange Commission as the Commission.

Parker owned oil and gas leasehold estates and interests in oil and gas leasehold estates in Kansas, Oklahoma, and Texas; it owned trucks, equipment, and other assets; and it was engaged in the business of drilling wells for oil and gas, producing oil and gas, and marketing oil and gas. Parker filed its voluntary petition for reorganization pursuant to Chapter X, supra. Parker had outstanding 147,555 shares of preferred stock, of which Occidental owned 40,000 shares. Occidental proposed a plan of reorganization, and the trustee submitted it to the court. A supporting so-called purchase agreement entered into by Occidental and the trustee was attached to the plan and made a part of it. Section 1(c) of the purchase agreement provided

in effect that there had been no adverse change in the condition of Parker, financial or otherwise, since May 31, 1959, which substantially affected the value of its property or its business. Section 3 (a) provided that the obligation of Occidental thereunder should cease and be at an end if the plan was not approved by the court within thirty days from the date of the filing of such purchase agreement duly executed. Section 3(b) provided that in the event the effective date had not occurred on or before April 1, 1961, Occidental should have at its exclusive option the right at any time after such date to declare its liability at an end by sending by registered mail a notice of termination. And section 3(c) provided:

> "If at any time prior to the Effective Date the Purchaser at its option elects in its sole discretion not to proceed further or take up its commitment hereunder and such election is made for any reason other than the fault of the company or inability of the Company to meet the conditions hereof, then in such case the Purchaser shall be liable solely for court costs and expenses not to exceed Twenty-five Thousand Dollars ($25,000) as liquidated damages and shall not be otherwise liable for failure to perform its obligations or undertakings hereunder or under the Plan."

After undergoing certain amendments, the plan provided that Occidental should purchase 1,300,000 shares of new common stock in the reorganized corporation at $1 per share in cash; and also that Occidental should underwrite loans to be made to the reorganized corporation totalling $550,000. The proceeds of the loans were to be used in drilling a specified well and in the development of other specified properties belonging to Parker. The plan defined the effective date thereof to be the "day on which all times to appeal from or file petition of certiorari to review the Order confirming the Plan shall have expired, or, in the event appeals or certiorari proceedings have been taken, then at such time as all such appeals or certiorari proceedings or petitions for rehearing shall have been finally concluded and the Plan has become finally effective."

In its advisory report, the Commission made certain objections to the plan. The substance of one objection was that the plan with the purchase agreement made a part thereof was not feasible for the reason that it did not create a firm commitment on the part of Occidental for the investment of new capital. In making such objection, the Commission emphasized the point that failure to perform would merely render Occidental liable for costs and expenses, not exceeding $25,-000, as full liquidated damages. And at the hearing before the court, the attorney appearing for the Commission emphasized the point that the purchase agreement did not constitute a firm commitment. On February 26, 1960, the court entered an order approving the plan, and the requisite number of creditors and stockholders, including Occidental, accepted it. Certain amendments to the plan were made; and on May 13, 1960, an order was entered confirming it.

Occidental wrote the trustee under date of June 8, 1960; and the letter was received on June 10. It was stated in the letter that on the basis of information which the trustee supplied, Occidental understood that Parker was unable to meet the conditions of the purchase agreement in that a revised estimate of the gas reserves of a certain well on the property of Parker had been severely reduced; that such reduction constituted an adverse change in the condition of Parker; and that pursuant to the provisions of section 3(c), it had elected not to proceed further or to take up its commitments. Upon the trustee's receipt of such letter, his attorneys addressed a communication to all attorneys and parties of record in which it was stated that it would appear the reorganization plan had been effectively withdrawn. Three days later, the attorneys

for the trustee wrote Occidental that Parker had met the conditions of the purchase agreement and that the letter written under date of June 8 constituted a breach of such agreement on the part of Occidental. By letter in reply, dated June 20, Occidental directed specific attention to section 3(c) of the purchase agreement; and stated that in view of the substantially lessened cash flow from the well referred to, Occidental had no alternative than to decline to proceed further with the plan of reorganization.

Bottomly and other creditors of Parker filed in the proceeding a motion for an order to consummate the plan of reorganization or require the payment of damages for failure to do so. An order was entered that Occidental show cause why the plan of reorganization and the order of confirmation should not be consummated and obeyed. Occidental filed a motion to vacate the order of confirmation and a response to the order to show cause. The substance of the pleading was that for reasons therein stated, Occidental had effectively exercised its right not to proceed further with the plan of reorganization and was entitled to be relieved from compliance with the order of confirmation. The motion of the creditors and the motion of Occidental were considered at the same time. An order was entered denying the motion to vacate the order of confirmation; requiring Occidental and all other interested parties to proceed forthwith to carry out their obligations under the plan of reorganization; and requiring Occidental to deposit with the clerk of the court within a specified time all shares of stock in Parker which it owned or which were held for its benefit by any other person, together with $1,300,000 in cash to be held for purposes of consummating the plan of reorganization. Occidental appealed from that order.

■ Arnold and other creditors filed in this court a motion to dismiss the appeal. The grounds of the motion are that the appeal was taken solely from the order which overruled the motion to vacate the order of confirmation; that the order of confirmation was filed May 19; that the motion to vacate was filed July 13, after the order of confirmation had become final and binding; that the motion to vacate did not extend the time for appeal from the order of confirmation; and that the order appealed from was simply a refusal of the court to vacate and reopen the order of confirmation. The pleading filed by Occidental was denominated motion to vacate the order of confirmation and response to the order of the court to show cause. But the order appealed from went far beyond merely treating the pleading of Occidental as a motion to vacate the order of confirmation and denying it. The order from which the appeal was perfected contained affirmative provisions. It required Occidental and all other interested parties to proceed forthwith to carry out all of their obligations under the plan of reorganization. It required Occidental to deposit with the clerk of the court within a specified time all shares of stock in Parker which it owned or which were held for its benefit by others. And it required Occidental to deposit with the clerk within such period $1,300,000 in cash to be held for purposes of consummating the plan of reorganization. These affirmative provisions in the order adjudicated adversely to Occidental its asserted contention that after entry of the order of confirmation it had effectively elected not to proceed further with the plan and, therefore, was relieved of its commitments thereunder. In effect, the order commanded specific performance on the part of Occidental of its obligations under the plan. Being of that sweep, the order was appealable.

■ Section 3(c) of the purchase agreement concerned itself with the right of Occidental to elect not to proceed further under the plan of reorganization and it also concerned itself with the matter of resulting liability in damages in the event Occidental should elect to exercise such right. Whether viewed as a grant of right to Occidental or a reservation of right by Occidental, one purpose and effect of the provision was to vest or re-

serve in Occidental the right of election at its option and in its discretion not to proceed further or to fulfill its commitments under the plan. Occidental was not operating the properties of Parker at the time of the execution of the agreement. It was not known when the plan would be finally confirmed. The period of time to intervene between the execution of the agreement and confirmation of the plan was not known with certainty. And the shifts or changes in economic trends in the business of developing properties for oil and gas, in the production of oil and gas, and in the marketing of oil and gas, intermediate the execution of the agreement and the confirmation of the plan of reorganization were in the realm of the unknown. It is a fair inference that the insertion of the provision in the purchase agreement stemmed from a reasonable desire on the part of Occidental to safeguard itself against the hazards of adverse developments of that kind occurring in the business of Parker before the plan became finally effective. And the provision was reasonably adapted to that end. The Act, supra, does not provide that such a provision shall be ineffective. And the order of confirmation of the plan of reorganization was not the equivalent of a judgment expressly neutralizing or negating the validity or effectiveness of the provision. It was a step in the administration of the estate of Parker. Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; Wright v. City National Bank & Trust Co. of Battle Creek, 6 Cir., 104 F.2d 285. Upon entry of the order of confirmation, the plan and the order fixed the rights of the parties and became binding. Prudence Realization Corp. v. Ferris, 323 U.S. 650, 65 S.Ct. 539, 89 L. Ed. 528. But the purchase agreement which was a part of the plan contained a clear provision vesting or reserving in Occidental for a specified time the right of election not to proceed further; and the order of confirmation did not purport in express terms to negate such right. The provision survived the entry of the order of confirmation, and the right of election not to proceed further under the plan was effectively exercised.

Endeavoring to sustain the order from which the appeal was taken, the trustee, Bottomly, and Hoffman, urge the contention that the validity of section 3(c) must be determined by reference to the law of Oklahoma; and that the section did not provide for liquidated damages but solely for a penalty which was void under the law of Oklahoma, or provided for limited damages in an uncertain amount which was void under the law of Oklahoma. Webster contends that the section in its respect to damages was contrary to public policy. Occidental deposited with the clerk of the court $25,000 pursuant to the terms of section 3(c). Since we hold that the provision vested in Occidental the right to elect not to proceed further under the plan; and since we hold that the right of election was effectively exercised, there is no present need to explore the question whether the provision in its relation to the matter of damages was void for any of the reasons urged.

Further endeavoring to uphold the order from which the appeal was taken, the trustee, Bottomly, and Hoffman, urge the contention that assuming Occidental had a valid option to elect to withdraw, it failed to exercise such election prior to the effective date of the plan and could not exercise it thereafter. The argument is that at the hearing on confirmation of the plan, Occidental did not interpose any objection; that only the Commission interposed objections; that the Commission did not have the right to appeal; that in the absence of objection by a party having the right to appeal, the effective date of the plan did not have to await passage of time for appeal, passage of time for petitions for certiorari, passage of time for action on petitions for certiorari, or final conclusion of appeals of certiorari; that the right of appeal passed at the time the order of confirmation was entered; that the option ceased on that date; and that it could not be effectively exercised later. The contention seems to be unmindful of the

difference between interposing objection or exception at the time action—affirmative or negative—takes place in the trial court as a prerequisite to preserving a question or contention for review on appeal and interposing objection or exception as a prerequisite to exercising the right of appeal. It is a well-recognized rule of frequent application that a party litigant may not sit quiet at the time action is taken in the trial court and then complain on appeal. He is required to indicate in some appropriate manner his objection or dissent. Otherwise, no question is preserved for review on appeal. But the right of appeal is quite different. In the absence of a controlling statute or rule providing otherwise, the right of appeal does not depend upon objections or other dissents interposed in the trial court. Neither does it depend upon whether questions were properly preserved for review on appeal. The right given to a party litigant exists and may be exercised at any time during the fixed period even though no question was effectively preserved for review on appeal. The failure of anyone other than the Commission to object or except to the plan at the time the order of confirmation was entered did not affect in any manner the effective date of the plan as fixed in the plan.

The challenged order is reversed and the cause is remanded.

### On Petitions for Rehearing and Clarification

Parker, the trustee, Bottomly, and Hoffman filed a joint petition for rehearing; and Webster filed a petition for rehearing and clarification of our opinion herein. Webster asserts that clarification is appropriate for the reason that the opinion is unclear in respect to damages and should be clarified for the benefit of all concerned. It is said that all of the legal difficulties previously brought to the attention of this court could be avoided by the court determining whether the trial court had power to decree specific performance in the first instance. It is further said that the question whether paragraph 3(c) is void should be determined by this court and proper instructions given to the trial court for its guidance in further proceedings, particularly whether Occidental is free from liability, whether it is liable in the sum of $25,000, or whether it is liable in some other sum.

We determined in our original opinion that Occidental had the right to decline within a specified time to proceed further; that it effectively exercised that right within the permitted time; and that, therefore, the trial court erred in entering its order requiring Occidental to take appropriate steps to consummate the plan. Nothing further need be said in that respect.

Concerning clarification, throughout our consideration of the case we have not been unmindful of or indifferent to the contention urged that section 3(c) is invalid in its relation to damages. But it is to be borne in mind that the order from which this appeal was taken merely required Occidental to fulfill its obligations under the plan. The trial court did not determine whether section 3(c) was valid or invalid in its relation to damages. The court did not address itself to that question. Neither did the trial court determine whether Occidental was free from liability in damages, whether it was liable in the sum of $25,000, or whether it was liable in some other amount. The court did not address itself to the question of damages. It has been and is our view that conforming to orderly procedure such questions should be determined by the trial court in the first instance without any blueprinted directions from this court in advance. If the questions are determined by this court, it should be on appeal from the action of the trial court adjudicating them.

With this word of explanation, the petitions for rehearing and the petition for clarification are severally denied.