## IN THE MATTER OF 620 CHURCH STREET BUILDING CORP. ET AL.

No. 271. Argued October 23, 1936.—Decided November 9, 1936.

*Messrs. Theodore E. Rein* and *Isaac M. Mills* for petitioners.

*Mr. Isaac E. Ferguson,* with whom *Messrs. Hugo Sonnenschein* and *Herbert M. Lautmann* were on the brief, for Louis M. Quitman et al., first mortgage trustees, respondents.

*Mr. George T. Buckingham,* with whom *Messrs. Don Kenneth Jones* and *Edwin L. Harding* were on the brief, for Chester R. Davis et al., members of the bondholders committee, respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

In this proceeding under § 77B of the Bankruptcy Act, the District Court confirmed a plan of reorganization. Petitioners asked the Circuit Court of Appeals to allow an appeal upon the ground that the plan was unfair and inequitable and deprived them of their property without due process of law in violation of the Fifth Amendment. Bankruptcy Act, §§ 24 (b), 77B (k); *Meyer* v. *Kenmore Hotel Co.,* 297 U. S. 160, 165, 166. Leave to appeal was denied. In view of an asserted conflict with the decision of this Court in *Louisville Joint Stock Land Bank* v. *Radford,* 295 U. S. 555, and with that of the Circuit Court of Appeals of the Sixth Circuit in *Tennessee Publishing Co.* v. *American National Bank,* 81 F. (2d) 463, (*ante,* p. 18), this Court granted certiorari.

Although the Circuit Court of Appeals declined jurisdiction, its action may properly be reviewed upon a writ of certiorari under the general power conferred by Judicial Code, § 262. 28 U. S. C. 377. That provision contemplates the employment of this writ in instances not covered by § 240 of the Judicial Code (28 U. S. C. 347), and affords ample authority for using the writ as an auxiliary process and as a means "of giving full force and effect to existing appellate authority and of furthering justice in other kindred ways." *United States* v. *Beatty,* 232 U. S. 463, 467; *American Construction Co.* v. *Jacksonville, T. & K. W. Ry. Co.,* 148 U. S. 372, 379, 380; *In re Chetwood,* 165 U. S. 443, 461, 462; *Magnum Import Co.* v. *Coty,* 262 U. S. 159, 162.

The record presents the petition for appeal and the order confirming the plan of reorganization. It appears that the principal property of the debtor, the 620 Church Street Building Corporation, consists of certain leaseholds and improvements known as the Carlson Building Annex. The allowed claims include first mortgage bonds of $445,500 upon which interest is due from January, 1931, second mortgage notes for $40,250, with interest from December, 1929, and a third mortgage note for $27,000, with interest from December, 1931. Petitioners are the debtor, the holders of the second and third mortgages, and stockholders.

The order of confirmation sets forth the findings of the District Court that the property in question has a fair market value of $245,025 and that there is no equity over and above the $445,500 of the first mortgage bonds; that the debtor is insolvent; that the claims of the junior lienors, the holders of the second and third mortgages, are of no value and hence that no securities or cash should be distributed under the plan in respect to their claims; that stockholders are not entitled to participate in the

plan; and that the plan is "fair, equitable, and feasible and does not discriminate unfairly in favor of any class or classes of creditors or stockholders."

The evidence before the District Court is not presented by the record. And as the Court of Appeals, if the appeal had been allowed, could have revised the ruling of the court below only in matter of law, it necessarily follows—and was conceded at the bar—that petitioners are bound by the findings of fact. Petitioners insist that their consent to the plan of reorganization was necessary or that their claims should have been accorded "adequate protection." But the adequate protection to which the statute refers is "for the realization of the value of the interests, claims or liens" affected. Here the controlling finding is not only that there was no equity in the property above the first mortgage but that petitioners' claims were appraised by the court as having "no value." There was no value to be protected. This finding embraces whatever interests petitioners may have as junior lienors under the Illinois law and, in the same aspect, the constitutional argument is unavailing as petitioners have not shown injury. *Southern Ry. Co.* v. *King,* 217 U. S. 524, 534; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 544, 545; *Heald* v. *District of Columbia,* 259 U. S. 114, 123.

The Circuit Court of Appeals did not abuse its discretion in declining to allow an appeal.

*Affirmed.*

Mr. Justice Stone took no part in the consideration or decision of this case.