## In re HOTEL GOVERNOR CLINTON, Inc.

### Appeal of CANTER et al.

### No. 257.

Circuit Court of Appeals, Second Circuit.

April 4, 1938.

Frank Aranow, of New York City (Harris Berlack and Charles S. Corben, both of New York City, of counsel), for appellants.

Kadel, Sheils & Weiss and Kadel, Van Kirk & Trencher, all of New York City (John Kadel and Nicholas R. Jones, both of New York City, of counsel), for Committee as appellees and Governor Clinton Co., Inc.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The debtor owned the Hotel Governor Clinton, the erection of which was finished in 1929 from the proceeds of an issue of $6,500,000 mortgage bonds composed of $5,000,000 Series A constituting a prior lien and $1,500,000 Series B which constituted a subordinate and junior lien. In addition thereto, it owed accrued interest since 1931; $1,000,000 to general creditors, and $800,000 in real estate taxes.

August 31, 1929, the debtor leased to the appellants for 20 years and 9½ months, rental to start at $30,000, a drug store on

the ground floor of this building. Beginning July 1, 1936, the minimum rental reserved in the lease was $50,000 annually. But prior to the institution of the section 77B, Bankr.Act, 11 U.S.C.A. § 207, proceedings, the debtor agreed to reductions in the rental, the last concession having reduced it to a minimum rental of $12,000 per annum.

The court below found in its order of February 8, 1937, that the combined value of the land, buildings, and furniture was $4,000,000; that the debtor was insolvent; and that the claims of the holders of Series B bonds and of all other creditors and stockholders were of no value. The amended plan of reorganization was dated December 1, 1936. This was approved after formal hearings on January 25, 1937, and an order entered to that effect on February 8, 1937. Some minor modifications were made under date of July 22, 1937, which are not material here. The consents to the plan were then increased and it had the approval of 92 per cent. of the bondholders. The amendments had to do with the personnel of the management and in no way affected the appellants' interest. In the plan of reorganization, the appellants' lease was canceled and terminated.

The sole question presented by this appeal is the power of the court to terminate the lease. After hearings, on January 25, 1937, the court held the mortgage was superior to the lease and the latter by its terms was subject to the mortgage. The reorganization was carried out on the basis of the lien of the first mortgage bonds. No junior liens or creditors were provided for. At least as to the hearings on January 25, 1937, the appellants had full and complete notice. Since these hearings were the source of the order complained of, they cannot contend that they lacked notice of proceedings which touched their interest. They were given full opportunity to and did present their objections to the plan and reasons therefor.

As between the first mortgage and the subordinate lease, the latter was a junior lien or encumbrance. By article 32 of the lease it is provided that "This lease is * * * subject and subordinate at all times to any and all mortgages or deeds of trust affecting the demised premises, and any and all advances or payments heretofore made or hereafter to be made pursuant to or under the terms of any

* * * mortgage or deed of trust." The tenant agreed to execute any instrument or instruments to the landlord deemed necessary and desirable to effect the subordination of the lease to any and all mortgages or deeds of trust.

Since this debtor's total assets were less than the mortgage and since the lien was subordinate to the mortgage, it was within the power of the court to terminate the lease in the plan of reorganization. In re 620 Church St. Bldg., 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16; In re Witherbee Court Corp., 2 Cir., 88 F.2d 251. If a second mortgage or subsequent encumbrance behind a first mortgage could be wiped out in reorganization, then a lease could be. A lease creates an estate in the land (In re Barnett, 2 Cir., 12 F.2d 73, 76) but this is subject to prior mortgages and encumbrances. Subdivision (h), section 77B, of the act, 11 U.S.C.A. § 207(h), provides that: "The property dealt with by the plan, when transferred and conveyed by the trustee or trustees to the debtor or the other corporation or corporations provided for by the plan, or, if no trustee has been appointed, when retained by the debtor pursuant to the plan or transferred by it to the other corporation or corporations provided for by the plan, shall be free and clear of all claims of the debtor, its stockholders and creditors, except such as may consistently with the provisions of the plan be reserved in the order confirming the plan or directing such transfer and conveyance or retention."

Section 77B(b) (4), 11 U.S.C.A. § 207 (b) (4), requires that adequate protection shall be afforded stockholders unless the judge shall determine that the debtor is insolvent or that the interest of the stockholders will not be adversely affected by the plan. Subdivision (h) of section 77B authorizes the transfer to a new corporation of the assets of the debtor free from "all claims of the debtor" which must include claims of lessees where the debtor is insolvent. And a "claim" of the debtor would mean a claim by the debtor or any one claiming through the debtor such as a lessee. If no provision need be made for a debtor under such circumstances as provided for by subdivision (b) (4), certainly no provision need be made for the holder of a lesser estate than the debtor.

The elimination of the lease under the circumstances in no way renders the section 77B provisions unconstitutional.

In re 620 Church St. Bldg. Corp., supra. There is express authority conferred by section 77B(b) (5) (c), 11 U.S.C.A. § 207 (b) (5) (c), to appraise the value of "interests, claims or liens." Determination by appraisal of the worthlessness of the second and third mortgage liens is sufficient. In re 620 Church St. Bldg. Corp., supra.

"There is an obvious distinction between depriving a lienor of the right to foreclose a security without giving him equivalent value, as in the Radford Case [Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106] and refusing him foreclosure where his lien is concededly worthless, as in the Church Street Case." In re Witherbee Court Corp., supra, 2 Cir., 88 F.2d 251, at page 253.

The lien of the lease arises to no greater dignity than a second mortgage on the premises.

■ But it is said that the lease was adopted and confirmed by this mortgagee. Prior to the filing of the petition under 77B, possession of the premises was surrendered to a member of a firm of hotel accountants who operated the hotel as agent for the bondholders' committee. Operation of the hotel by this agent was to continue in full force and effect until "said foreclosure proceedings shall be dismissed or otherwise terminated." Foreclosure proceedings on the mortgage had, as indicated, been instituted. The committee represented at the time holders of 77 per cent. of the Series A first mortgage bonds. The agent had no authority to execute any agreement which would be effective after the foreclosure proceedings were "dismissed or otherwise terminated." At the time of the alleged adoption of the lease by the mortgagees, it had 17 years to run. The fiduciary thus established had no authority to execute a lease which might extend beyond the termination of the litigation. Farmers' Loan & Trust Co. v. Eaton, 8 Cir., 114 F. 14; Weeks v. Weeks, 106 N.Y. 626, 13 N.E. 96. This agent of the bondholders' committee, representing only a portion of the bonds, did nothing which would amount to adoption of the lease by the mortgagee. He considered a reduction of the rent but not a waiver of the subordination, and there was no waiver of any of the subordination requirements of the lease.

The foreclosure proceeding suit was never completed. Judgment of foreclosure was entered but was withheld at the request of the parties, and the judgment of sale was vacated by the order of December 3, 1937. Hence, we need not pass on appellants' argument that failure to join the tenants in the foreclosure proceeding effected an adoption of the lease by the mortgagee.

The order directing a transfer to the new corporation organized by the plan of reorganization free of this lease and concession was proper.

Order affirmed.