In re IRVING–AUSTIN BLDG. COR-PORATION.

MARQUIS et al. v. IRVING–AUSTIN BLDG. CORPORATION et al.

No. 6259.

Circuit Court of Appeals, Seventh Circuit.

May 11, 1938.

Henry E. Ayers and Horace A. Young, both of Chicago, Ill., for appellants.

Charles S. Deneen, Donald N. Schaffer, and James Percival Pio, all of Chicago, Ill., for appellees.

Before MAJOR and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

From an order confirming a plan of reorganization entered in a proceeding under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, this appeal is prosecuted by a bondholder. Appellant insists that she was not properly classified as a creditor; that the plan is not fair and equitable but discriminates in favor of certain creditors; that the plan and con-

sents were not offered or filed in good faith; that the court improperly canceled the old bonds; and that the plan improperly omitted a requirement that the fees to be paid by the debtor should be approved by the court.

■ When the plan was submitted it was referred to a master for consideration. Much evidence was taken, none of which is preserved in the record. The report was confirmed by the court, which found as a fact that the plan was fair and equitable, did not discriminate unfairly against any class of creditors, and was proposed in good faith. In such cases we may revise the ruling of the court below only in matters of law. In the absence of the evidence we must accept the findings of the District Court; we have no right to say that there was no evidence to support them. In re 620 Church St. Bldg. Corp., 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16; Farlee & Co. v. Springfield-South Main Realty Co., 1 Cir., 86 F.2d 931.

■ An order of classification was entered by the District Court on March 16, 1937. No objection thereto or application for modification thereof was made and no appeal was taken therefrom. The order of confirmation, entered on April 5, 1937, referred to the order of classification previously entered. The court found that the plan had been accepted by 85.38 per cent. of the claims, based on bonds outstanding at the commencement of the proceedings, and, among many other provisions, overruled all objections to the classification. Clearly this latter ruling was surplusage, as no objections were or could be on file. The court had already entered the order of classification, upon which there had been no direct attack. An order in a bankruptcy proceedings, from which appeal may be had, may be reviewed only upon an appeal from that order and not on an appeal from a subsequent order. Nor may a party refrain from direct attack by motion to modify or by appeal from an order and later collaterally attack the same by an appeal from a later order, in which the court overrules an objection attempting to raise a question disposed of by the previous order. In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942. This court cannot, upon appeal from the order of confirmation, review the order of classification previously entered.

■ The plan provided that the debtor pay its attorneys and, in case the funds in possession of the trustee should not be sufficient to pay the costs of administration, that the debtor should pay in cash so much as might be necessary to satisfy in full the fees and expenses provided for in the plan. Appellant asserts that this was erroneous, in that the plan did not provide that the court should approve the fees to be paid by the debtor to its counsel. Without deciding whether it was incumbent upon the court to provide that fees paid by the debtor to its own counsel should be approved by the court, it is sufficient to observe that the order approving the plan provided that all amounts to be paid by the debtor corporation for services or expenses incidental to reorganization should be subject to approval by the court. Under the provisions of section 77B the court may, after compliance with certain formalities, amend the plan. These formalities were not forthcoming, but it appears that the amendment of the plan by the court in its order in the respect mentioned was for the benefit of appellant and other bondholders, and that, therefore, formal notice was not necessary. Its absence cannot constitute reversible error.

■ Appellant contends that the court had no jurisdiction to decree that the first mortgage bonds should be canceled upon receipt of the new bonds provided for by the confirmed plan. This contention is based upon the fact that the bonds were executed by one John Michalopoulos prior to the conveyance of the property to the debtor corporation and that, as a result, Michalopoulos was personally liable upon them. The plan provided for the issuance of new bonds by the corporation, reduced the amount outstanding, and eliminated delinquent interest. Appellant insists that the effect of such provision was to release the maker of the bonds and thus to deprive her of her right of action against him.

This assignment of error, however, has become moot, for the record discloses a modification of the plan, recommended by the special master, wherein he suggested that, instead of the old bonds being surrendered, they should be stamped as filed and returned to the original holders and

that the action of the court should in nowise affect the liability of the maker of the bonds for any deficiency thereon. The special master reported that Michalopoulos was not a party to the proceedings; that the amendment suggested would be beneficial to and not adverse to the right of creditors; and that, therefore, no further notice need be given of such alteration. Objections to this report, interposed by appellant, were overruled, the recommendations of the special master sustained, and the plan amended accordingly. Consequently appellant's assignment of error in this respect fails; the alleged error has been corrected.

Inasmuch as the court found that the plan was fair and feasible and did not discriminate against the rights of creditors, and there is no evidence to impeach these findings, we find no prejudicial error in the record. The decree of the District Court is affirmed.