**In re CHAIN INV. CO.**
**BONDHOLDERS' PROTECTIVE COMMITTEE OF MARQUETTE APARTMENTS et al. v. CHAIN INV. CO. et al.**
No. 6756.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1939.

Joseph A. Barly, A. L. Skolnik, and Joseph E. Tierney, all of Milwaukee, Wis., for appellants.

Malcolm K. Whyte and Bernard V. Brady, both of Milwaukee, Wis. (Olwell & Brady, of Milwaukee, Wis., of counsel), for appellees.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

Chain Investment Company, herein called debtor, is a Wisconsin corporation which owned and operated two Milwaukee apartment buildings known as The Marquette and Roosevelt Arms. In February, 1937, finding itself unable to meet its debt obligations, debtor filed its petition under section 77B of the Bankruptcy Act, 11 U.S.C. A. § 207, and sought a reorganization. There was at the time an outstanding first mortgage covering The Marquette securing notes aggregating $378,200 principal and $56,000 unpaid interest. On the Roosevelt Arms property there was a first mortgage securing notes of $160,000 principal and $20,700 unpaid interest. There were second mortgages on the properties and debtor owed $78,000 on unsecured notes and $14,000 of accounts payable. Its capital consisted of 231,800 shares of common stock of the par value of $100 per share.

Shortly after filing its petition, debtor submitted a plan of reorganization which was rejected by the first mortgage bondholders of both buildings. Thereafter, the Bondholders' Protective Committee submitted a plan which, with slight changes, was approved by 76% and 79%, respectively, of the first mortgage bondholders. It did not receive the necessary percentages of acceptances of other classes of creditors.

The court referred the matter to a master after appellants had unsuccessfully sought confirmation on the ground that other security holders had no interest in the property. The master approved the plan as filed, with slight modifications. He also found that the value of each of the two properties was less than the amount of principal and interest due on the notes secured by the first mortgages.

EVANS, Circuit Judge.

Two questions are before us: (1) May a court, on its own motion, over objection of secured creditors (first mortgage bondholders), modify a plan of reorganization so as to transfer the control of management from secured to unsecured creditors without submitting the modification to, and obtaining the consent of, the necessary percentage of first mortgage bondholders? (2) Was it fair and just to all parties for a court to modify the plan of reorganization whereby control of management is transferred from secured creditors who hold the preferred stock in the reorganized company to unsecured creditors who hold the common stock in the reorganized company when it appears that the fair value of debtor's property is less than the first mortgage indebtedness?

Answering the first question, we are satisfied that it is within the power of the District Court, on its own initiative, to suggest modifications in the reorganization plan which is submitted to it, provided however if the suggestions result in modifications that are materially adverse to a class of creditors who have a real interest in the property, to be effective it must be ultimately approved by the necessary percentage of creditors of the class affected by said modification. Continental Ins. Co. v. Louisiana Oil Refining Corp., 5 Cir., 89 F.2d 333. In the instant case, this class was the first mortgage bondholders.

Likewise, we are persuaded that a change in the control of management whereby the secured creditors are either eliminated or constitute a minority of the body that manages and operates the property, is a substantial modification, materially affecting the rights of the first mortgage bondholders, and to be valid necessitates the approval of the first mortgage bondholders.

(2) Where it appears that the value of the property is less than the amount of the first mortgage and a plan of reorganization is submitted which gives the junior creditors and stockholders of the old company common stock in the reorganized company and the first mortgage bondholders are given a mortgage by the new company for the principal amount of its indebtedness and preferred stock for the accumulated interest, it is an abuse of discretion on the court's part to modify the plan so as to give control of management to the common stockholders against the objection of the secured creditors.

At the time the plan was submitted the junior debtors and the stockholders had no real interest in the estate of the debtor. In re Watco Corporation, 7 Cir., 95 F.2d 245; In re 620 Church Street Bldg. Corp. et al., 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16. The court might have eliminated them entirely after finding the first mortgage indebtedness exceeded the value of the debtor's property. It would have been unnecessary to submit to them the plan which left them out entirely.

The senior creditors, however, provided for them in their plan of reorganization. Their good-will was apparently desired. The possibility of a rise in value may also have moved the senior creditors to include the juniors in their reorganization plan. Whatever the motive, the proposed plan of the first mortgage bondholders recognized all security holders and gave to each class some of the common stock.

Giving the junior creditors common stock was one thing. Placing them in the driver's seat was quite a different matter. To take control from the parties whose mortgage and preferred stock covered the full value of the debtor's estate and transfer it to the common stockholders whose interest in the debtor's property, was nil and dependent solely upon future rise in values for it to acquire worth is unfair and cannot be approved. In reorganizing property, control of corporate activities is ordinarily the privilege and right of those whose interests are vital and dominant. Irresponsible and reckless management attend control by those who have no value to their holding and whose interest is due to the perquisites of their managerial positions.

The decree is reversed, with directions to take such further proceedings as are consistent with this opinion and as authorized by the statutes governing reorganization in such hearings.