## In re TOOHEY.

## TOOHEY v. HEITMAN TRUST CO.

### No. 7975.

Circuit Court of Appeals, Seventh Circuit.

Oct. 24, 1942.

Samuel Wodika, of Chicago, Ill., for appellants.

Wm. B. Basile and George E. Q. Johnson, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

By this appeal, appellants seek to reverse an order approving a plan of reorganization of the debtor's property, known as the Myrtilus Apartments and located at 6437 Kimbark Avenue, Chicago.

Appellant, Mary Reed Toohey, is the widow of the debtor, who was the owner of the equity when the reorganization proceedings were instituted. Upon debtor's death, appellants succeeded to his rights, and they assail the plan of reorganization which allowed nothing to them as the owners of the equity.

The sole and only question involves the analysis and appraisal of the evidence to ascertain whether the findings of the referee and of the court, to the effect that the aggregate of the claims against the debtor exceeded the value of the estate, are supported by the evidence. On this issue, there were two hearings, the court having concluded, upon request of appellants, to rerefer the issue to the referee who heard additional evidence offered by appellants, as well as by the trustee, and found against appellants.

We are convinced that the evidence amply supports the finding of the referee and justifies the court in overruling the exceptions of appellants, thereto.

Appellants rely largely, if not entirely, upon the testimony of one Loeber, who gave his opinion, on the original hearing, before the referee, as well as on the rehearing. Upon the latter hearing he raised his estimate of value from $137,000 to $174,000, and based it largely upon expected increase in rentals. At this same hearing the court appointed an independent appraiser who gave it as his opinion that the property was worth $128,500. The first mortgage and tax liabilities against the property were approximately $174,000. There was a second mortgage securing notes in the sum of $22,500. In addition, there was the expense of the administration of this estate. To debtor's credit, there was $12,000 in cash on hand.

It would seem that the referee's observation that even if he should accept Loeber's present value "that the market value has increased more than $36,000 within the last year * * the amount due on taxes and first mortgage bonds equals or exceeds that value" is a proper, and in fact necessary, conclusion. However, the referee did not accept the increased value given by Loeber, but placed the value somewhere between that amount and the $128,500 figure which was the independent appraiser's estimate. His finding that "the value of the property in question is *much less* than the amount due for taxes and the first mortgage bonds," is well supported by the testimony.

From the foregoing it follows that appellants have no interest in the debtor's property. Consolidated Rock Products Co. v. Du Bois, 312 U.S. 510, 61 S.Ct. 675, 85 L.Ed. 982; In re 620 Church St. Bldg. Corp., 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16; In re 211 East Delaware Place Bldg. Corp., D.C., 15 F.Supp. 947; In re Watco Corp., 7 Cir., 95 F.2d 249.

The decree is affirmed.