In re V–I–D, Inc., Debtor.

GLOVER v. COFFING et al.

(KRAMER, Intervenor).

No. 9031.

Circuit Court of Appeals, Seventh Circuit.
Dec. 19, 1946.

Rehearing Denied Feb. 20, 1947.

Jay E. Darlington, of Hammond, Ind., for appellant.

Arthur J. Goldberg and Max R. Kargman, both of Chicago, Ill., and Kenneth Call and Alfred P. Draper, both of Gary, Ind., for appellees.

Before EVANS and MAJOR, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

On August 7, 1934 a complaint to foreclose special assessments on a certain piece of real estate located in Gary, Lake County, Indiana, was filed in the Superior Court of that county by the U. S. A. Company, the owner of the assessments. The defendants included a person by the name of Don Hoover, and ...... Hoover, his wife, and the Home Bank & Trust Company and Lawrence H. Prybylski, as trustees under a certain mortgage. Summons was issued to the Sheriff for service upon the defendant, Don Hoover, giving his address as 2212 West Twelfth Avenue, Gary, Indiana. This same address was endorsed in the complaint. There was a Don Hoover living at the address given in the summons and endorsed in the complaint, and service was had upon him at that address. He was

not, however, the Don Hoover who was the fee-simple owner of the real estate in question, but was another man of the same name. In fact, the Don Hoover served had no interest in such real estate and never asserted any interest therein. The Don Hoover who owned such real estate was a resident of Jasper County, Indiana, and never received any notice of the foreclosure proceedings, and the other Hoover ignored the summons. As a result thereof, the mistake in service was not discovered until long after judgment had been rendered.

A judgment by default was rendered against all of the defendants foreclosing the special assessments against such property, which was by such judgment ordered sold by the Sheriff of Lake County. The property was sold to the U. S. A. Company on April 15, 1935, and the Sheriff issued a certificate of sale. The certificate was within the year purchased by Marguerite S. Glover, the intervening petitioner-appellant in the instant case, hereinafter referred to as the intervenor, and, on October 27, 1936, after the expiration of the year of redemption, she surrendered the certificate and received a deed from the Sheriff which purported to convey to her the fee-simple title. The deed was recorded, and the property was entered for taxation in her name.

On February 25, 1937, the Home Bank & Trust Company and Lawrence H. Prybylski, as mortgage trustees, both of whom were parties defendant in the foreclosure proceedings in the Lake Superior Court and upon whom service was had by publication, filed verified petitions in such cause praying that the decree and judgment be vacated, that the case be reopened and that they be permitted to answer. Notice was served upon the U. S. A. Company, the plaintiff in that action, which company failed to appear. The judgment theretofore rendered was thereafter vacated and set aside. The trustees filed an answer and tendered into court the sum of $520 which represented the amount claimed by the U. S. A. Company to be due on the special assessments.

Thereafter, Don Hoover of Jasper County, owner of the real estate in question, executed a quitclaim deed to V-I-D, Inc., a corporation located in Gary, Indiana. This deed was dated February 23, 1939, but was not recorded until April 13, 1943. A few months after the execution of the deed, that is, on June 24, 1939, V-I-D, Inc., filed a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the United States District Court for the Northern District of Indiana. The petition listed the real estate in question as a corporate asset and stated that it was encumbered by two mortgages and by an outstanding tax title. The petition was approved by the court, and McM. Coffing was appointed trustee.

On December 1, 1939, the intervenor filed an intervening petition in the reorganization proceedings wherein she stated that she was the fee-simple owner of the real estate claimed by the bankrupt to be its asset and asked that she be adjudged such owner, that possession be surrendered to her, that an accounting be had of the rents and profits collected by McM. Coffing, the trustee, and that such funds be turned over to her.

On February 13, 1940, Lawrence H. Prybylski filed an intervening petition in the reorganization proceedings in which he stated that he was first mortgage trustee under a trust deed which was a prior lien against the real estate in question. Both McM. Coffing and Lawrence H. Prybylski asserted in their answers to the intervenor's petition that the judgment whereby she obtained title to the real estate had been vacated. The case was referred to a Special Master who found that the intervenor took title to the real estate subject to the rights of those who had been served by publication in the foreclosure proceedings to open up the decree and defend the action within a period of five years from the date of the judgment, October 24, 1934; that she was charged with notice of the existence of such rights by virtue of the recitations in the Sheriff's Certificate of Sale and the Sheriff's Deed; that the vacation of the judgment operated to nullify and cancel all of her rights; that the district court had no jurisdiction to question the proceedings in the Lake Superior Court or the validity of the order vacating the decree of foreclosure; that intervenor was not a purchas-

er of property in good faith so as to exempt her from the effect of proceedings consequent upon the reopening of the judgment. The district court entered an order approving the Master's Report to which the intervenor addressed a motion to vacate, which motion was approved, and the matter was resubmitted to the Master with instructions to hear further evidence and file a supplemental report on the following questions: (1) Whether the foreclosure decree was a personal decree against Don Hoover or based upon publication to him; (2) Whether the title asserted by the bankrupt to the real estate rested upon a quitclaim deed from Don Hoover to the bankrupt.

On October 27, 1944, by permission of court, the trustee filed a second amended answer wherein, for the first time, it denied that Don Hoover, the owner of the real estate in question, was a party defendant in the action in the Lake Superior Court, and asserted that the judgment of that court was void for the reason that no service of summons was had upon him, nor was any appearance made by him or on his behalf. Intervenor filed a reply to this answer, and the case was again submitted to the Master. The Master again found that the intervenor took title to the real estate subject to the rights of those who had been served by publication to open up the decree within the time prescribed by statute, and that her remedy was to accept the tender made in the foreclosure proceedings as a refund of the purchase price. The Master also found that there was no fraud in securing the decree against Don Hoover, but that the Don Hoover who was served with process in the foreclosure proceedings did not have any interest in the real estate.

On December 3, 1945, the district court heard the report of the Master and the objections of the intervenor and of the trustee, and overruled the objections and confirmed the report. The court found further that the judgment rendered in the foreclosure proceedings was void as to V-I-D, Inc., and that V-I-D, Inc., was the owner in fee simple of the real estate in question. From this judgment the intervenor has appealed. It is her contention that the district court erred in adjudging that the judgment of the Lake Superior Court was void as to V-I-D, Inc., and that V-I-D, Inc., is the fee-simple owner of the real estate.

It is undisputed that Don Hoover of Jasper County, the owner of the real estate in question, was never served with notice of the foreclosure proceedings in the Superior Court of Lake County. The fee-simple title to such real estate remained in him, after the foreclosure proceedings, the same as before those proceedings because, having had no notice thereof, he was in no manner bound or affected thereby. It is also undisputed that he executed and delivered to V-I-D, Inc., the debtor in the bankruptcy proceedings, a quitclaim deed for such real estate thereby conveying to it the fee-simple title thereto. It is the contention of the intervenor that, under the Indiana law, the right to attack the judgment in foreclosure was personal with Hoover and did not pass to his grantee. It must be remembered, however, that the conveyance of the real estate in question from Hoover to the bankrupt was by means of a quitclaim deed and not by warranty deed. There were no covenants in such deed upon which the grantee could rely. After the execution of this deed, Hoover had no interest in the real estate, as his interests had passed to his grantee, and any rights acquired by the vacation of the judgment passed to his grantee, the debtor in the bankruptcy proceedings. Intervenor further contends that if V-I-D, Inc., succeeded to Hoover's right to attack the judgment, such attack must be made in the court which rendered the judgment and cannot be made in the federal court. The law is clear in Indiana that where a judgment is rendered without jurisdiction of the subject matter or without jurisdiction of the person, the judgment is void and not merely erroneous, and it can be attacked directly or collaterally at any time. Calumet Teaming & Trucking Co. v. Young, 218 Ind. 468, 33 N.E.2d 109, 33 N.E.2d 583. Insofar as the grantor Hoover is concerned, the judgment in the Superior Court was void and hence the proceedings in the district court were proper and are binding upon the intervenor. We agree with the finding of the district court that Don Hoover, the owner of the real estate in question, was not even a party to the foreclosure proceedings.

The address of Hoover given on the summons was that of the Hoover of Gary who was served but who had no interest in the real estate.

Having arrived at this conclusion, it is unnecessary to consider the other alleged errors of the district court.

The judgment is affirmed.