**In the Matter of V–I–D, Inc., Debtor.**

**KELLEY, GLOVER & VALE,
Inc., Trustee.**

v.

**M. McCOFFING, Trustee, et al.**

**No. 11194–11265.**

United States Court of Appeals
Seventh Circuit.

Oct. 7, 1955.

Jay E. Darlington, Hammond, Ind., for appellant.

Abraham W. Brussell, Milton I. Shadur, Abner J. Mikva, Chicago, Ill., Alfred P. Draper, John W. Lyddick, Kenneth Call, Gary, Ind., for appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

MAJOR, Circuit Judge.

These appeals are from orders entered in a proceeding for the reorganization of the debtor corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. No. 11194 is from an order of Februray 1, 1954, overruling appellant's objections to approval of an amended plan, and No. 11265 is from an order of June 30, 1954, confirming the amended plan. Both appeals raise the same questions and they have been consolidated in this court.

The proceeding was commenced on June 24, 1939, by the voluntary petition

of the debtor corporation. On August 28, 1939, an order was entered in which it was recited that the court was satisfied that the petition complied with Chapter X of the Bankruptcy Act and had been filed in good faith, and approved the same as properly filed. A trustee was duly appointed and, on October 11, 1939, qualified as such. On December 1, 1939, Marguerite S. Glover filed her intervention or reclamation petition claiming ownership to the real estate of the debtor, the same being its only asset, and praying for possession thereof and for a decree quieting her title therein. Since that time the reorganization proceeding has been stymied by the protracted litigation resorted to by Glover and her alter ego, Kelley, Glover & Vale, Inc., as trustee (objector and appellant in the instant case), as is evidenced by the fact that there have been three previous appeals to this court. In re V-I-D, Inc., 158 F.2d 964; In re V-I-D, Inc., 177 F.2d 234, and In re V-I-D, Inc., 198 F.2d 392. In the first two cited cases Glover was the appellant, and in the last, as in the instant appeal, Kelley, Glover & Vale, Inc. was the appellant.

Without any attempt to review our previous decisions or the facts recited therein, we think it can be safely said that the essential controversy during this prolonged litigation was whether the bonded indebtedness of the corporation constituted a lien prior to a mortgage indebtedness secured by a mortgage on the real estate. See In re V-I-D, Inc., 7 Cir., 198 F.2d 392, 394. The debtor had no assets other than its real estate and it has long ago been decided that its value was far less than the amount of its bonded indebtedness. As was stated in the case last cited, "The parties agree that the real estate here involved is not of sufficient value to satisfy either of these claims."

On April 9, 1953, the court entered an order classifying the creditors into two classes: Class 1, holders and owners of bonds secured by trust indenture, dated December 30, 1927, and Class 2, the beneficial owner and holder of judgment of foreclosure in favor of Kelley, Glover & Vale, Inc. On the same date, the court entered an order in which it was found, "That the fair value of the assets of this debtor is less than the aggregate debts under Classes 1 and 2, as specified in the order classifying creditors entered this date, and * * * That V-I-D, Inc. is insolvent." Again, on August 5, 1953, the court found that the aggregate value of all property in the hands of the trustee was $76,307.63. No appeal was taken from any of these orders and they are not now subject to review. The court, in its order of June 30, 1954 (one of the orders appealed from), found that Class 1 claims had been allowed in the amount of $373,638.75, reiterated its previous finding as to the total value of the debtor's assets and found that the Class 2 claim "is of no value."

On September 11, 1953, an amended plan of reorganization was submitted by the court appointed trustee. It is this plan which is now under attack, for reasons which we find difficult to comprehend. The strategy of the appellant, however, appears to rest upon the hope that a reversal will result in a dismissal of the proceeding with the rights of the parties relegated to the State courts, where litigation can be renewed and perhaps continued for another ten years.

Previously, this court denied a motion by appellees to dismiss the appeals on the ground that appellant had no interest in the subject matter and, therefore, this court was without jurisdiction. The motion to dismiss has been renewed on this hearing. We have reached the conclusion that we previously erred in denying the motion to dismiss and that the motion must now be granted. As already noted, there has been an adjudication that the debtor was and is insolvent, that the value of its assets is far less than the amount of the claims of the first class creditors (the bondholders), and that the claim of the second class creditors (the appellant here) is of no value. None of these findings is attacked by appellant on the instant appeals. More than that, it is conceded by appel-

lant that the proceeding was properly instituted and that the court had jurisdiction.

This court, In re Michigan-Ohio Bldg. Corporation, 117 F.2d 191, dismissed an appeal on our own motion because the appellants had no appealable interest. While that was a proceeding under Section 77, sub. b of the Bankruptcy Act, we think that the reasoning is pertinent here. We said, 117 F.2d at page 193: "Speaking more specifically, a party has an appealable interest only when his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed." It has also been recognized that in a Chapter X proceeding a creditor must be adversely affected as a prerequisite to a right to appeal. In re Keystone Realty Holding Co., 3 Cir., 117 F.2d 1003, 1005, 133 A.L.R. 1378. In In the Matter of 620 Church Street Building Corp., 299 U.S. 24, 57 S.Ct. 88, 81 L. Ed. 16, the court considered the action of the Court of Appeals in denying leave to appeal from an order confirming a plan of reorganization under Section 77, sub. b. In discussing the issue the court made a statement which we think pertinent here, 299 U.S. at page 27, 57 S.Ct. at page 89: "Petitioners insist that their consent to the plan of reorganization was necessary or that their claims should have been accorded 'adequate protection.' But the adequate protection to which the statute refers is 'for the realization of the value of the interests, claims or liens' affected. Here the controlling finding is not only that there was no equity in the property above the first mortgage, but that petitioners' claims were appraised by the court as having 'no value.' There was no value to be protected."

The essential attack upon the order confirming the amended plan is that the first class creditors take everything and appellant, as a second class creditor, takes nothing. This, however, would be the inevitable result in any plan which might be proposed. At any rate, we know of no theory by which a creditor with a preferred lien can be compelled to share its rights with a creditor which is junior. Moreover, the court had the authority under Section 636 of Chapter X to adjudicate the debtor a bankrupt and proceed to liquidate the estate. See Magidson v. Duggan, 8 Cir., 212 F.2d 748, 760. Again, if that event had occurred, no part of the proceeds could have been realized by appellant as a junior creditor, all of which merely fortifies our conclusion that appellant had no appealable interest.

The appeals are, therefore, dismissed.