In the Matter of **V–I–D, Inc.**, Debtor.

**KELLEY, GLOVER AND VALE, Inc., Trustee, Appellant,**

v.

**McM. COFFING, Trustee, et al., Appellees.**

**No. 11983.**

United States Court of Appeals Seventh Circuit.

April 22, 1957.

Jay E. Darlington, Hammond, Ind., for appellant.

John W. Lyddick, Kenneth Call, Albert H. Gavit, Floyd S. Draper, Gary, Ind., for appellees.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

PER CURIAM.

In previous appeals, Nos. 11194 and 11265, 226 F.2d 113, the present appellant was before this court. In those cases appellant appealed from orders entered approving a Chapter X (11 U.S.C. A. § 501 et seq.) Reorganization Plan. In our decision, we recognized that the net result of this prolonged litigation was the determination that appellant, a mortgage holder, was relegated to the status of a Class 2 creditor, and that the bond holders were Class 1 creditors. As the assets were insufficient to cover the claims of the Class 1 creditors, appellant's claim was of no value. Consequently, we concluded that the appellant did not have an appealable interest and allowed a motion to dismiss the appeal.

The present appeal seems to be directed to the basic legality of the reorganization proceedings as well as to fee allowances. However, as pointed out by the appellee, necessarily, as a prerequisite to this appeal, appellant must be an aggrieved party. Therefore, appellant stands in precisely the same position it occupied in the previous appeals, and the motion to dismiss must be and is granted. The petition for leave to file additional parts of the designated record is denied.