**H. Marshall SCOLNICK, Appellant,**

v.

**CONNECTICUT TELEPHONE & ELECTRIC CORPORATION, Debtor, United States of America, Edward M. Rosenthal, Trustee of Debtor, Connecticut Telephone & Electric Corporation of Meriden, C. A. Auffmordt & Co., National Pneumatic Co., Inc., Appellees.**

**No. 110, Docket 25269.**

United States Court of Appeals Second Circuit.

Argued Jan. 7, 1959.

Decided March 25, 1959.

Sol A. Rosenblatt, New York City (Mitchell B. Booth, New York City, on the brief), for appellant.

Irving Michael Atkin, of Sherman & Goldring, New York City (A. S. Albrecht, of Albrecht & Richman, Hartford, Conn.; Bernard Kahn, New York City; Michael Leo Looney, Washington, D. C.; Jacob Schwolsky, Hartford, Conn.; William T. Shea, of O'Brien & Shea, Meriden, Conn.; Charles Weingarten, Bridgeport, Conn.; and Julius Winn, of Sherman & Goldring, New York City, on the brief), for appellees Connecticut Telephone & Electric Corp., Debtor, Edward M. Rosenthal, Trustee of Debtor, Connecticut Telephone & Electric Corp. of Meriden, and National Pneumatic Co., Inc.

Harry W. Hultgren, Jr., U. S. Atty., D. Conn., Hartford Conn., for appellee United States of America.

John H. Weir, New Haven, Conn., and George J. Schaefer, New York City, for appellee C. A. Auffmordt & Co.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

GIBSON, District Judge.

This is an appeal by H. Marshall Scolnick from an order entered by Judge Ryan, then sitting in the District of Connecticut, denying a Petition for Review sought by said Scolnick from the Referee in Bankruptcy's order confirming Debtor's Amended Plan of Arrangement.

Debtor, a Connecticut corporation, is engaged in the manufacture of electric and electronic equipment. On August 9, 1957, the Debtor filed a petition in the District Court for an arrangement with creditors pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. This petition was referred to the Referee in Bankruptcy.

In addition to tax and workmen liabilities, prior lien and general creditors liabilities exceed two million dollars. In addition to these liabilities, the Debtor in 1956 issued $168,000 worth of subordinated debentures. These debentures were completely subordinated to the claims of all other creditors.

There were sundry proceedings before the Referee. But those pertinent to this decision were (1) the failure of the Debtor's first Plan of Arrangement to be approved; (2) the disapproval of a plan offered by the present appellant in his alleged capacity as an agent; (3) the offering by the Debtor of an Amended Plan of Arrangement.

On January 30, 1958, appellant, purporting to act as agent with a full power of attorney for one Wilbur Smith, verified an objection to Confirmation of the Arrangement. This objection was

amended by appellant on February 4, 1958.

On February 11, 1958, a hearing was held on Debtor's application to confirm and appellant's objections thereto. At this hearing, appellant raised no question as to the insolvency of the Debtor. He did not question the fairness of paying but 15% to the general creditors as provided by the Debtor's amended plan.

On February 18, 1958, the Referee entered an order confirming the Debtor's amended plan, finding therein that the Debtor was insolvent and that the aggregate of the Debtor's property was insufficient to pay the general creditors—without including the claims upon the debentures. He further held that the objector is not a creditor adversely affected by the amended plan.

No stay of the order of confirmation was asked for by the objector, and the amended plan was promptly consummated.

On February 26, 1958, appellant verified a Petition for Review—in effect describing himself as an agent for said Wilbur Smith.

This Petition for Review was heard by the District Court on April 28, 1958, who, on May 12, 1958, denied the petition.

On May 30, 1958, appellant filed this appeal. The appeal was filed on behalf of "H. Marshall Scolnick, an objecting creditor."

At no time, until May 30th, did Scolnick personally appear or attempt to appear as a party in this action. He has not moved to be substituted for Smith either in the District or Appellate Court. We have serious doubt as to whether he, not being a party to the trial below, has a right of appeal.

However that may be, we need not decide that question here since we fully concur that the debenture holders were in no way adversely affected by Debtor's amended plan. The Debtor was found to be "hopelessly insolvent." Indeed, appellant's counsel never seriously claimed otherwise in any hearing before the Referee or Trial Judge.

■ That being so, under the express provisions of the Bankruptcy Act, appellant has no standing. 11 U.S.C.A. § 708. The Appellate Courts have uniformly so held. In re V-I-D, Inc., 7 Cir., 226 F.2d 113; O'Connor v. Mills, 8 Cir., 90 F.2d 665; In re Watco Corporation, 7 Cir., 95 F.2d 245. See also In re 620 Church Street Corporation, 299 U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16.

■■ However, since the debenture holders were included in the amended plan, we can review the plan. See Brukenfeld v. New York Rys. Corporation, 2 Cir., 82 F.2d 739. We see no necessity of outlining the amended plan in detail. On its face, it appears more than fair to the appellant. Briefly, the amended plan provided that a new corporation was to be organized to carry on the business of the Debtor and to consummate the plan; that all priority tax claims were to be paid in full; that provision was to be made to satisfy existing factoring liens and mortgage indebtedness; that general creditors were to receive 15% of their claims and debenture holders 5%. This plan was approved by the required number and amount of all creditors save the debenture holders. And since there was not near enough money provided by the amended plan to pay the general creditors in full, the debenture holders had no standing—they were in no way adversely affected by this plan. As a result of the consummation of this plan, the plant at Meriden was reopened; its workmen reengaged; and production resumed, including production required by Government contracts. Certainly the plan seemed fair and sound.

Furthermore, the appellant failed to raise any timely objection to the claim he now makes that there has not been substantial compliance by the Debtor with the provisions of Chapter XI.

This petition was filed August 9, 1957, and was referred to the Referee the following day. The appellant filed a Proof of Claim as an alleged agent for a debenture holder as early as about September 25, 1957. Thus, in that capacity, he then

made himself a party to the proceedings. The Referee, in finding No. 10, found that at all times appellant had actual knowledge of the proceedings. In finding No. 9, he also found:

"Although the creditors committee had given early and timely notice to the debenture holders of the proceedings a formal order was entered on December 10, 1957 that that debtor file a list of debenture holders with their addresses. Such list was filed on December 13, 1957 and debenture holders were promptly given a formal notice of the proceedings and were given opportunity to file objections to the plan of arrangement."

■ Furthermore, by order of the Referee dated December 12, 1957, the debenture holders who had not filed Proofs of Claim were given until December 20, 1957, to do so and were notified that a hearing on any objections to confirmation would be held on December 24th. Actually, this hearing was not held until February 11, 1958. In the meantime, appellant had filed objections to confirmation and he was heard on these objections. On February 18th the Referee entered an order of confirmation. Appellant sought no stay to delay consummation of the plan and the plan was executed shortly thereafter. Under this situation, appellant clearly is here estopped from now raising the claim that there has not been substantial compliance with the provisions of Chapter XI.

The remaining alleged errors raised in appellant's brief are too trivial to be considered. Most of them are bare, belligerent assertions pettifogging in nature. These generally contend that there has not been substantial compliance with the provisions of Chapter XI by the Debtor. Appellant, having played fast and loose himself as to his status as a party, is in no position to make this complaint—nor is it in any way justified. This appeal has all the earmarks of a nuisance appeal and has no merit whatsoever.

Judgment affirmed.