In re KENMORE–GRANVILLE HOTEL
CO.*

MEYER v. KENMORE–GRANVILLE
HOTEL CO.

No. 6192.

Circuit Court of Appeals, Seventh Circuit.
Nov. 11, 1937.

Meyer Abrams, of Chicago, Ill., for appellant.

Claude A. Roth, Harry E. Smoot, I. E. Ferguson, Arthur M. Cox, Max F. Goldberg, and Irving H. Flamm, all of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellants, a small group of bondholders of the debtor, appeal from two orders of the District Court in a proceeding under section 77B, Bankr.Act (11 U.S.C.A. § 207) for the reorganization of the debtor. The first order, entered February 3:

(1) Confirmed, approved, and adopted the report of a special master recommending the denial of a petition of appellants:

(a) To vacate an order of the court entered November 23;

(b) For leave to appellants to file objections to the debtor's report approved November 23;

(c) To require the mortgage trustees and bondholders' committees to account for

*Writ of certiorari denied 58 S.Ct. 481, 82 L.Ed. —.

the income of the property of the debtor from 1925 to the date of the petition;

(2) Overruled appellants' exceptions to the report;

(3) Dismissed the petition of appellants;

(4) Taxed against them all costs of the special reference, fixed at $517.05.

The second order, entered February 25, was the final decree in the proceedings, and (1) confirmed and approved the report of the debtor and the bondholders' committees with respect to the carrying out of the plan of reorganization; (2) reserved jurisdiction over a trust created for the purpose of carrying out the terms of the plan; (3) permanently enjoined all persons having any interest whatever in the old debtor or claims against it from prosecuting such claims in any court against a new corporation created to succeed the debtor; and (4) discharged the debtor from all debts and liabilities.

Petition for appeal from these orders was presented to and allowed by the District Court. Subsequently, within thirty days from the date of entry of the orders from which the appeal was sought, appellants filed their petition in this court praying that the appeal allowed by the District Court be treated and considered as a petition for leave to appeal under section 24(b), Bankr. Act, as amended, 11 U.S.C.A. § 47(b), and that their petition be taken under advisement until the printed record and brief on the main issues in the cause were filed. We declined to permit this circumvention of our rules pertaining to applications for appeal under section 24(b) and denied the petition. In re Kenmore Granville Hotel Company (C.C.A.) 90 F.(2d) 151.

Appellees have filed motion to dismiss the appeal on the ground that the order of February 3, could only be reviewed by this court on appeal allowed by us under section 24(b), and that the order of February 25, is not appealable by these appellants because they were neither parties nor intervenors at the time of the entry of the decree, and their only assignment of error applicable to it is insufficient to raise the questions sought to be raised by them: "* * * that the court erred * * * in entering the final decree in this cause."

■ Appellants' status in the proceedings is that of attempted intervenors. Appellant Meyer had filed a petition February 25,

1935, praying that the proceedings for reorganization of the debtor be dismissed for want of jurisdiction and lack of good faith, and that an injunction theretofore entered against the prosecution of any creditor proceedings against the debtor be dissolved. The prayer of that petition was denied by the court on March 20, 1935, but ruling on a motion to dismiss the petition was reserved until after the presentation of the plan of reorganization, and all parties were required to serve notice of further proceedings on counsel for the petitioner, Meyer. Thus this one appellant was enabled to participate in whatever part of the proceedings she desired a part in until the dismissal of her petition by the order of November 23, 1936. The six other appellants who joined her in the intervening petition of December 4, had filed objections to certain claims filed against the estate, and to the plan of reorganization. Their objections were overruled. Appeals were allowed by the District Court from the denial of Meyer's petition to dismiss the proceedings and dissolve the injunction, and from the order approving the plan of reorganization. Both appeals were dismissed by this court, and these rulings were affirmed by the Supreme Court. See Meyer v. Kenmore Granville Hotel Company, 77 F.(2d) 1004; Id., 78 F. (2d) 1018; Id., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557. Under the provisions of section 77B(c) of the Act (11 U.S.C.A. § 207 (c), creditors are entitled to be heard in certain matters such as the appointment of a trustee or confirmation of a plan of reorganization as a matter of right; as to other matters they must secure leave of court. Hence, as to the questions raised in the appeals referred to above, appellants were entitled as creditors to be heard as a matter of right by the District Court, and, if this court had allowed the appeals they would have been entitled to be heard here.

■ Appellants now contend that by their appeal from the final order in the reorganization proceedings they are entitled to reopen the issues concerning which their appeals were dismissed. We held otherwise in Re Trust No. 2988, 85 F.(2d) 942, to which ruling we adhere. Appellants exhausted their rights as to matters appealable as of right upon the final disposition of their cause by the Supreme Court, supra. Thereafter, and as to any other issues in the proceedings, they could be heard only by leave of court, the granting of which is wholly discretionary.

The order of November 23, contemplated a winding up of the reorganization proceedings, and was in effect preliminary to the entry of a final order in the proceedings. Counsel for appellants had notice of the hearing set for that day but was not present, although he had actively participated in earlier hearings by virtue of the order of March 20, 1935, requiring all parties to serve notice of further proceedings on counsel for petitioner Meyer. He now complains that a day was chosen for the entry of the order when he was absent, although he had been led to believe that such an order as was entered on November 23 could not be entered until certain tax items were disposed of. On December 4, he presented a petition in behalf of Meyer and the other six appellants asking, not only that the order of November 23 be vacated, but also for leave to file objections to the report of the debtor approved by that order, and that the mortgage trustees and bondholders' committees be required to account for the income of the debtor from 1925 to the date of the petition. The court allowed the petition to be filed and referred it to a referee as a special master, "to hear and take such evidence as may be presented by the parties upon said petition and the answers thereto, and to hear the arguments of counsel thereon, and to report to this Court his conclusions of fact and law upon the said petition and the answers thereto."

The report of the referee indicates a very careful consideration of the oral testimony, stipulation of facts, briefs and argument of counsel. On the basis of this study he concluded that the parties had adequate notice of the hearing of November 23, and opportunity to object at that time if they so desired. He also found that the issues sought to be raised by the petition of December 4, were substantially identical with those sought to be raised by appellant Meyer in her petition of February 25, 1935, the prayer of which was denied on March 20, 1935. They are also similar to those raised by the objections filed by the other appellants to certain claims against the debtor and to the plan of reorganization, which objections were overruled by the court May 20, 1935. The referee therefore states, "Both * * * Meyer * * * and her co-petitioners * * * had ample opportunity * * * to raise each and every issue which is now sought to be raised in the petition now pending as filed by said petitioners. The petition now pending is merely an attempt, in a roundabout, subsequent, and extraordinary manner, to obtain a review of matters heretofore presented to and determined by a Judge of this Court, without pursuing the usual method of writs of appeal and certiorari to upper courts from the actual orders and proceedings of which complaint is made. The granting of such a petition would establish a new practice, not authorized by the rules of court or warranted in this proceeding, to seek review after full opportunity for hearing and after failure of counsel to appear in court upon a day set for hearing, of which counsel had both notice and knowledge." We are fully in accord with this analysis, and are of the opinion that it amply justified the dismissal of the intervening petition, and the taxing of costs of the reference against appellants. Such costs were incurred by appellants' demand for review upon allegations found to be wholly without merit, hence it would be unfair to burden the estate with the expense of the investigation.

We are convinced that appellees' motion to dismiss the appeal is properly taken. Appellants argue in opposition to it that they were given leave to intervene, hence were proper parties to appeal. They lose sight of the fact that, while they were given leave to file their petitions, Meyer in February, 1935, and she and the other appellants in December, 1936, after due consideration of those petitions, both were dismissed. Such dismissal was, in effect, a denial of the right to intervene, and to participate as parties to the proceedings, and the fact that they had been given full opportunity to be heard on the issues raised by their intervening petitions does not confer any further right upon them than if they had been summarily dismissed upon presentation. Since leave to intervene is wholly discretionary wth the court, under the provision of section 77B(c), appellants had no absolute right of appeal, regardless of the extent of the participation their counsel was allowed in the proceedings prior to the dismissal of their petitions.

While we have reached the conclusion that the appeal must be dismissed, it is not inapposite for us to state that we have examined the record on the merits and considered the questions raised by appellants, and are convinced that the court committed no error in the orders from which the appeal was sought.

The appeal is hereby dismissed at appellants' costs.