In re SOUTH STATE STREET BLDG. CORPORATION.

HOFHEIMER v. GOLD et al.

SAME v. McINTEE et al.

Nos. 8262, 8263.

Circuit Court of Appeals, Seventh Circuit.

Dec. 15, 1943.

Rehearing Denied Feb. 17, 1944.

364

Charles R. Johnston and Harold M. Keele, both of Chicago, Ill., for appellant.

Harold C. Woodward, Henry L. Kohn, Joseph Schwartz, John L. McInerney, Samuel B. Epstein, Louis M. Mantynband, Edward Johnston, Richard S. Folsom, Frank Righeimer, E. Douglas Schwantes, Lewis E. Pennish, Norman Crawford, Thomas B. Hart, Ben S. Warren, Jr., G. Gale Roberson, Claude A. Roth, Harry E. Smoot, Edward H. McDermott, I. E. Ferguson, Edward P. Morse, and George L. Siegel, all of Chicago, Ill., and John F. Davis, Milton V. Freeman, and W. Victor Rodin, all of Philadelphia, Pa., for appellees.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

Reka Goldberg Hofheimer, herein referred to as the appellant, is a stockholder in the Hump Hairpin Manufacturing Company, herein called Hump, which is a holding company that owns all the stock of Chain Store Products Corporation, herein referred to as Chain. The latter owns all of the shares of beneficial interest and the debentures issued by Sol H. Goldberg Properties Trust, a common-law trust, herein referred to as the Trust; and this Trust owns all the stock in five building corporations.

Sol Goldberg, who died in 1940, was a brother of the appellant. In his lifetime he owned the controlling interest in all of the above enterprises. He also owned 198 out of 200 shares of the stock of the South State Street Building Corporation, herein referred to as the debtor, which constructed a building upon property on South State Street in Chicago, on which it held a lease from the Chicago School Board. Sol Goldberg was guarantor of the first mortgage bonds of the debtor. The debtor then leased this building to McCrory Stores Corp., herein called McCrory. McCrory went into reorganization in 1933, owing the debtor more than $237,000 for back rent. A claim was filed in the McCrory bankruptcy proceedings for that amount of back rent, and, also, for the rental due for the remaining period of the lease subsequent to bankruptcy and subsequent to the surrender of the lease by the trustee in bankruptcy.

Sol Goldberg and Chain also had claims against McCrory. Goldberg caused the claim of the debtor and the claims of Chain and himself against McCrory to be sold to Heddon and Company for $250,000 cash paid to the debtor, $385,000 cash paid to Chain, and certain very valuable stock options which Goldberg and Chain divided equally between them. The claim of the debtor against McCrory was estimated to be worth $830,000.

A petition in bankruptcy for the reorganization of the debtor was filed October 17, 1938, and Ben Gold was appointed trustee. The trustee, being advised of the sale by Goldberg and Chain of the debtor's claim against McCrory, contended that the debtor had not received its fair share of the consideration paid for the sale of its claim against McCrory and threatened suit against Goldberg and Chain to recover $800,000 which he deemed was due the debtor.

After Goldberg's death in 1940, his legal representatives and the officers of Chain, in order to settle and compromise the claim of the trustee of the debtor above men-

tioned, agreed to assume, on behalf of the estate of Goldberg and the Sol Goldberg Properties Trust, which Chain controlled, certain obligations in the plan of reorganization submitted for the debtor. Hump also assumed to pay certain expenses of the reorganization plan.

While plans for reorganization were being considered, the appellant filed suit in the District Court for the Northern District of Illinois, Eastern Division, based on diversity of citizenship, against: David McIntee, individually, as trustee under Sol H. Goldberg Properties Trust, and as Trustee under Goldberg Securities Trust; Walter H. Hermsdorf, individually, and as Trustee under Goldberg Securities Trust; Irving Richard Green, individually, and as Trustee under Goldberg Securities Trust; Ruth K. Goldberg, individually, as Trustee under Sol H. Goldberg Properties Trust, and as executrix under the will of Sol H. Goldberg, deceased; Thomas H. Fisher, individually, and as executor under the will of Sol H. Goldberg, deceased; A. J. McKay; Theodor Langer; Sol H. Goldberg, Jr.; James K. Goldberg; June E. Goldberg; Edward W. Goldberg; The Hump Hairpin Manufacturing Company, a West Virginia corporation, and Chain Store Products Corporation, a Delaware corporation.

The amended complaint is divided into two counts. In the first count, the appellant alleges that she is the record owner of 20 shares of preferred and 50 shares of common stock of Hump. She alleges facts and conclusions in the first count by which she claims to be the owner of 480 more shares of preferred and 1,450 more shares of common of Hump. The amount which she owns of record and that which she claims to own equals one-third of the outstanding common and preferred stock of Hump. Without alleging that any of the shares of Hump was transferred by Sol Goldberg to any of the defendants, she alleges that if any of such shares was transferred, the transfer was without consideration and that she is still entitled to her stock and to an accounting therefor. There is no allegation that any of the defendants knew she claimed to be the owner of one-third interest in Hump.

In the second count, as a stockholder of record and alleged owner of other stock of Hump, the top holding company, the appellant seeks an injunction to prevent Hump, Chain, and the trustees of Sol Goldberg Properties Trust, a subsidiary of Chain, and all the other defendants, if they have any interest in the stock the appellant claims to own, from participating in the plan of reorganization of the debtor or from paying or agreeing to pay any of the monies required to be paid under the plan, until the court shall have determined whether the defendants received or will receive any valid and adequate consideration for such undertaking, and until the stockholders of Hump and Chain can be notified and have had time to meet and approve the actions of the officers and directors of these corporations in accepting or rejecting the plan of reorganization.

On the verified complaint, the court refused a temporary injunction. From the denial of this temporary injunction, the appellant prosecutes this appeal. (No. 8263.)

The gist of the complaint is an effort by a minority stockholder of the top holding company (Hump) to enjoin the acts of the officers and directors of that company, the next wholly-owned subsidiary (Chain), and the next subsidiary and common-law trust (Sol Goldberg Properties Trust), wholly owned by Chain, from using the assets of Hump, Chain, or the Trust to meet certain obligations in the reorganization of the debtor.

The officers and directors of Hump and Chain and the trustees of the Trust were assuming these obligations in the settlement of a substantial claim of the trustee of the debtor against Chain and Sol Goldberg, growing out of the sale by Goldberg to Heddon and Company of the claim of the debtor against McCrory. Chain is a prosperous manufacturing and business concern, whose financial standing and well being are, of course, important both to Hump and to the Trust. When Hump, Chain, and the Trust combined to finance the reorganization and pledged as security the stock of the five building corporations, which were the Trust's only assets, they not only settled the claim against Chain but caused other consideration of large proportions to flow to the Trust in the form of rights to the new stock of the debtor and an assignment of Sol Goldberg's guarantee of the old bonds.

There are no allegations in the complaint of fraud or gross mismanagement or of facts showing ultra vires acts. The appellant simply finds fault with the business judgment of the officers and directors of Hump. It is elementary that this is no basis to support a suit by stock-

holders. Fletcher's Cyclopedia of Corporations, Sec. 4065, vol. 6, pages 6923-4. There were no facts alleged showing irreparable injury. There were no emergency facts alleged on which to base the request for a temporary injunction. For aught that appears in the complaint, the relief that the appellant sought and claimed to be entitled to could have been granted on final hearing, without irreparable damage to her. The failure to allege facts constituting irreparable injury was of itself justification for denying the temporary injunction. Lawrence v. St. Louis & S. F. Ry. Co., 274 U.S. 588, 47 S.Ct. 720, 71 L. Ed. 1219; Murray Hill Restaurant v. 1321 Locust, Inc. et al., 3 Cir., 98 F.2d 578; Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394.

■■ It requires no citation of authority to sustain the proposition that the granting or refusal of a temporary injunction lies within the discretion of the trial court and is reviewable here only for an abuse of that discretion. The denial of a motion for a temporary injunction, based upon a verified complaint alone, was certainly no abuse of discretion, where the complaint did not state a cause of action or any facts showing irreparable injury. Boynton v. Mills Novelty Co., 10 Cir., 60 F.2d 125; American Code Co. v. Bensinger, 2 Cir., 282 F. 829; Ladd v. Oxnard, C.C., 75 F. 703.

The judgment of the District Court is affirmed.

There was another appeal consolidated and argued at the time the foregoing appeal was argued. No. 8262, Reka Goldberg Hofheimer v. Ben Gold et al. In the bankruptcy proceedings for the reorganization of the debtor, the appellant filed as her objections to the plan of reorganization a copy of the amended complaint, which we have just disposed of above. The court overruled the objections of the appellant to the confirmation of the plan and entered an order confirming the plan. The appellant gave notice of appeal from this order.

No petition to intervene was ever filed by the appellant. She was permitted to file her objections and to be heard in argument, but the merits of her claims as set forth in the complaint in the equity suit were not gone into in the bankruptcy court; and the court, after entering its decree confirming the plan of reorganization and overruling the appellant's objections, while consider-ing the application of the appellant to supplement the record, stated: "I do not believe that you do have any place in these proceedings, I don't think you have any place here, your client, I mean. I don't think I should allow the pleadings here to be cluttered up with motions made by her or pleadings filed by her * * * you haven't any place in this court in my opinion."

■ The reorganization of a corporation in bankruptcy is a matter between the corporation and its stockholders on the one hand, and its creditors on the other. Who may come into that forum and have a standing therein to control proceedings in the bankruptcy court and to appeal from the action taken therein is for Congress to decide. Whether the appellant was such a party is determined by the statutes. Section 206 of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 606, provides who the parties in interest are in the following words: "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter * * *."

Anyone within this category of interested persons is entitled to come into the court to be heard. The forum is open to them for the purpose of settling the affairs of the debtor and its creditors. Interested parties may come into the bankruptcy court in an orderly manner, as the next section of the statute provides. Sec. 207 of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 607, reads as follows: "The judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter * * *."

Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides how that application for intervention must be made: "(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene * * *."

■■ The appellant was not a party in interest within the categories set forth in Section 206. She was not a stockholder of the debtor or a creditor of the debtor. She was not even a stockholder of a credit-

or of the debtor. She had no right to intervene in the bankruptcy proceedings. We agree with the trial court that she had no place in the proceedings, and that she should not have been allowed to clutter up the proceedings with her pleadings. She made no attempt to intervene in the manner provided by the Rules. Since the appellant had no standing to intervene, the fact that she was permitted as an interloper to be heard and to participate in the proceedings does not make her a proper party before the court, with the right to appeal from the court's orders. We have held that an interested party who had taken part in the proceedings and had the right to intervene, but who had not formally done so, was not capable of appealing, as such a party was not properly on the record as an intervenor, and not being a party to the record, had no standing to appeal. In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942; In re Kenmore-Granville Hotel Co., 7 Cir., 92 F.2d 778. If one who has a right to intervene, but does not, has no standing to appeal, a fortiori, one who has no right to intervene, and does not, has no standing to appeal.

The appellant points out that the cases cited above were decided under the provisions of the old Sec. 77B, 11 U.S.C.A. § 207, and calls our attention to some later cases which were decided under the present Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., namely, Dana v. Securities & Exchange Commission, 2 Cir., 125 F.2d 542; In re Keystone Realty Holding Co., 3 Cir., 117 F.2d 1003, 133 A.L.R. 1378; Rogers v. Consolidated Rock Products Co., 9 Cir., 114 F.2d 108. The appellant contends that these cases decided that one may appeal who has not intervened by filing a formal petition for intervention; and that Chapter 10 has enlarged the right of appeal to include anyone who has participated in the reorganization proceedings, although not as a formal intervenor. These cases do not so hold. In each case, the party was either a stockholder or a creditor and therefore a party in interest. Since they were parties in interest and had participated in the reorganization proceedings, they were held to be properly on the record for the purpose of appeal. Formal intervention was not required. There was no holding that one not a party in interest may appeal because such party had been allowed to participate in the reorganization proceedings. A standing as a party to the record was necessary before one could appeal. Such standing was given by statute to interested parties only as defined by Sec. 206 of Chap. 10. The appellant is not such a party.

As we have pointed out, the appellant is neither creditor nor stockholder of the debtor. She is not even a stockholder of a creditor. Certainly, one who has no authorization to participate in the reorganization proceedings has no standing to appeal from the court's orders made in such proceedings. Her participation by filing objections, being heard in argument, and being granted extensions of time to take certain actions in the proceedings cannot make the appellant a party to the record. She is a stranger to the record, and not a party. She is a stranger to the record because the court had no right to recognize her as a party in interest. Only the parties in interest may appeal. Since the appellant was not a party in interest and could not become a party to the record, she has no standing to appeal.

The appellees have made a motion to dismiss the appeal; their motion is granted, and the appeal is dismissed.