**HULBURT OIL AND GREASE COMPANY, a Pennsylvania Corporation, Plaintiff-Appellee,**

v.

**HULBURT OIL AND GREASE COMPANY, an Illinois Corporation, Defendant-Appellant.**

**No. 14916.**

United States Court of Appeals Seventh Circuit.

June 3, 1965.

---

Bayard M. Graf, J. Willison Smith, Jr., Philadelphia, Pa., for defendant-appellant.

Jacob T. Pincus, Norman A. Miller, John R. Caffrey, Chicago, Ill., Fred C. Aldridge, Jr., Philadelphia, Pa., for plaintiff-appellee.

Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellee, Hulburt Oil and Grease Company, a Pennsylvania corporation, brought this action in the United States District Court to determine the defendant's right to use the name "Hulburt Oil and Grease Company" in the State of Illinois.

Defendant asserts that plaintiff may not maintain this action because plaintiff is a foreign corporation which has been transacting business in Illinois without a Certificate of Authority and hence plaintiff is barred by Illinois Statute from maintaining this action in a court sitting in Illinois. Ill.Rev.Stat. 1963, ch. 32, § 157.125.

In its complaint the plaintiff has alleged the following facts. Plaintiff had been incorporated in Pennsylvania in 1910 as "C. Hulburt and Company, Incorporated," succeeding to the business conducted there since approximately 1861, as the sole proprietorship of a family with the surname "Hulburt." In 1918, the corporate name was changed to "Hulburt Oil and Grease Company" under which plaintiff had continuously engaged in business up to the present time.

John R. Michael had been an official of plaintiff from 1919 until his resignation on or about December 31, 1959, since when he had served plaintiff as a consultant on a continuous and paid basis, and he had been a minority stockholder of plaintiff, until about May 7, 1964.

John R. Michael had been succeeded as General Manager of plaintiff by his son, David H. Michael, on or about May 1, 1955. David Michael had also served as Secretary-Treasurer of plaintiff from about February 7, 1956 until about May 10, 1964, remaining an employee and a minority stockholder till about May 7, 1964.

Another son of John R. Michael, J. Graham Michael, was also a minority stockholder until about May 7, 1964. Howard A. Walters was plaintiff's General Sales Manager from about September, 1960, until his resignation on or about April 2, 1964.

Plaintiff, represented solely by David Michael as Director, General Manager and Secretary-Treasurer, purchased real estate and property in Benton, Illinois, for plaintiff's use as a plant to manufacture and pack industrial lubricants, beginning in the summer of 1963. Title to the Benton property vested in plaintiff December 31, 1963, formal notification of recording on December 31, 1963, being given to David Michael, then General Manager of plaintiff, on or about January 3, 1964.

After they had terminated their relationship with plaintiff on or about May 21, 1964, John R. and David H. Michael and Howard A. Walters, without knowledge or consent of plaintiff, caused the defendant to be incorporated in Illinois with the same corporate name and purposes as plaintiff, although they had a valid properly named corporate vehicle, Michael-Walters Industries, Inc., incorporated in Illinois on or about April 23, 1964, with similar corporate purposes.

Plaintiff asserts that its General Manager was charged with the responsibility not only of determining the locations at which plaintiff would manufacture its product but also of seeing to it that plaintiff was qualified to do business in such locations.

Plaintiff charges that David Michael, and his father before him, wilfully and improperly failed to qualify plaintiff to do business in Illinois, in violation of their duties and responsibilities; that all three former officials wilfully and improperly placed themselves in a position to register plaintiff's distinctive and reputable name as their own, putting themselves into competition with plaintiff in Illinois in violation of the settlement agreement whereby David H. Michael and John R. Michael (who prior thereto had agreed not to compete with plaintiff at all) were now empowered to compete with plaintiff but only in a "lawful manner."

The District Court found that John R. Michael, who had been employed for a number of years as General Manager (and in other official positions) of plaintiff, had caused defendant corporation to be organized although under his and his son's management plaintiff had been doing business in Illinois without being registered as a foreign corporation in Illinois, and despite John R. Michael's duty to protect plaintiff's name in Illinois for plaintiff's use, with no right in himself to acquire the name; that he thus interfered with plaintiff's business, doing so for the improper purpose of preventing plaintiff from qualifying to do business in Illinois.

The District Judge concluded that a preliminary injunction was necessary to prevent immediate irreparable damage to plaintiff. Accordingly a preliminary injunction was granted

> \* \* \* against defendant, its officers, agents, representatives, servants, employees and attorneys and all persons, firms and corporation in active concert, privity or participation with it, enjoining and restraining defendant, pending the termination of this action or until further order of this Court from:
>
> (a) Using the name "Hulburt Oil and Grease Company" as its corporate name and title or as a trade name, or in any other way which might interfere with the business being conducted by the plaintiff under that name, and from using any other name so nearly similar thereto as to cause or tend to cause confusion in the minds of the public between the plaintiff and the defendant;
>
> (b) Using the word "Hulburt" as any part of either its corporate name or title or any trade name, or in any

other way which might interfere with the business being conducted by the plaintiff under that name, and from so using any other so nearly similar thereto as to cause or tend to cause confusion in the minds of the public between the plaintiff and defendant; * * *

This injunction was conditioned on plaintiff's filing bond in the sum of $10,000 to pay such costs and damages as might be incurred by defendant should it be found that defendant had been wrongfully enjoined.

Defendant has appealed on the ground, as indicated above, that plaintiff is barred by statute from bringing its action because it has not qualified to do business under its name in Illinois, regardless of the circumstances which have made such qualification impossible.

At this stage of the proceedings we need not decide whether defendant is or is not estopped from raising this particular defense.

■■ A motion for preliminary injunction is directed to the District Court's sound discretion. Doeskin Products v. United Paper Co., 7 Cir., 1952, 195 F.2d 356, 358. In equity suits a District Court has a wide discretion to issue or withhold a temporary injunction and ordinarily this Court will not interfere, Cosentino v. United Bro. of Carpenters etc., 7 Cir., 1959, 265 F.2d 327, 331, unless it appears that there was an abuse of discretion. National Grain Yeast Corp. v. City of Crystal Lake, 7 Cir., 1945, 147 F.2d 711, 713; In re South State Street Bldg. Corp., 7 Cir., 1943, 140 F.2d 363, 366, cert. den. 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588.

■ On the facts as pleaded and on the facts as found by the District Judge, we find no abuse of discretion in the Trial Court's action to maintain the status quo, with an adequate bond for defendant's protection, pending final determination of this matter.

The order of the District Court is affirmed.

Affirmed.